**Herbert Loyd LINDAUER, a single man, and Grace Cleaners, Inc., a Corporation, Plaintiffs in Error,**

**v.**

**The OKLAHOMA CITY URBAN RENEWAL AUTHORITY, a public body corporate, Defendant in Error.**

**No. 44957.**

Supreme Court of Oklahoma.

March 14, 1972.

Rehearing Denied May 16, 1972.

Johnson & Fisher, by Ted R. Fisher, Tulsa, for plaintiffs in error.

James D. Batchelor, Jerry L. Salyer, Barry W. Johnson, John W. Swinford, Jr.,

Harry H. Selph II, Oklahoma City, for defendant in error.

McINERNEY, Justice:

The Oklahoma City Urban Renewal Authority, plaintiff, commenced a condemnation proceeding to acquire fee simple title to property owned by defendant Lindauer and occupied by defendant Grace Cleaners, Inc., his tenant. Claiming that the Authority was created under an unconstitutional legislative enactment, defendants challenged the Authority's right to condemn their property. The trial court ruled against defendants and they appeal.

In 1959, the Legislature adopted the Urban Redevelopment Law, 11 O.S.1971, §§ 1601–20. This Law applies only to cities having a population of more than 100,000, 11 O.S.1971, § 1602, and thus includes Oklahoma City. Under Section 1607, a city elects to exercise authority granted in the Act by a resolution of its governing body. At the same session, the Legislature enacted a similar urban renewal law, The Urban Redevelopment Act, 11 O.S.1971, §§ 1651–70, which applies to cities with a population exceeding 10,000, but not exceeding 100,000. 11 O.S.1971, § 1652. However, in addition to a resolution of a city's governing body, a city's exercise of authority under this Act must be approved by a majority of its qualified property taxpaying voters who vote at an election held to determine that question. 11 O.S.1971, § 1657. Later, the Legislature again adopted another similar urban renewal law for cities of 10,000 or less population, The Urban Redevelopment Act of 1961, 11 O.S.1971, §§ 1701–18. This 1961 Act also required approval of a city's governing body and its electorate before the city could exercise the authority granted by the Act. 11 O.S. 1971, § 1707.

Defendants contend that the Urban Redevelopment Law, 11 O.S.1971, §§ 1601–20, violates the equal protection clause of the fourteenth amendment to the United States Constitution. To support

this contention, defendants argue that qualified property taxpaying voters in cities of more than 100,000 are denied equal treatment under the law because they are not allowed to vote on whether their cities should exercise urban renewal authority, whereas similarly qualified voters in all other cities are permitted to vote on this issue. Further, defendants assert that the three urban renewal Acts create two distinct classes of property taxpaying voters, that the only basis for this classification is population, and that the classification is arbitrary and not necessary to promote a compelling state interest.

The validity of urban renewal legislation was upheld against constitutional challenges in Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). Likewise, this Court declared the Urban Redevelopment Law, 11 O.S.1971, §§ 1601–20, to be constitutional and valid in Isaacs v. Oklahoma City, Okl., 437 P.2d 229 (1966). In *Isaacs,* the Court specifically held that the Act was not a special or local law prohibited by the Oklahoma Constitution, 437 P.2d at 236. Similarly, in Kansas City v. Robb, 183 Kan. 834, 332 P.2d 520 (1958), the Supreme Court of Kansas held that the urban renewal Act was not special legislation in violation of the Kansas Constitution, although this legislation required a vote to issue general obligation urban renewal bonds in cities of 125,000 or less population, but required no vote in cities exceeding 125,000 population, except upon a protest petition. Furthermore, in Lindauer v. Oklahoma City Urban Renewal Authority, W.D.Okl., 320 F.Supp. 332 (1970), affirmed 452 F.2d 117 (10th Cir. 1971), the Court rejected a constitutional attack on the Urban Redevelopment Law, 11 O.S. 1971, §§ 1601–20, which was based on the same grounds as the present constitutional challenge to the validity of this Act. Moreover, plaintiff Lindauer in that case is the same person as defendant Lindauer in the case now before this Court. In that case, Judge Daugherty ruled that the classification created by our urban renewal Acts was reasonable and thus did not violate the equal protection clause of the fourteenth amendment. We agree with the reasoning of Judge Daugherty in Lindauer, supra.

In *Robb,* the Court justified the classification by pointing out that larger cities contain more slum and blighted areas than smaller cities; that, therefore, the need for urban renewal in the larger cities is greater and more pressing; and that, under these circumstances, population is a legitimate ground for classification in an urban renewal law. 332 P.2d at 523. We approve of the rationale used by the Supreme Court of Kansas to justify a classification based on population. Consequently, we hold that the different methods provided by the Legislature for implementation of our urban renewal legislation have a rational basis and thus are not arbitrary or unreasonable. *See* McDonald v. Board of Election Comm'rs, 394 U.S. 802, 809, 89 S. Ct. 1404, 22 L.Ed.2d 739 (1969); Berman v. Parker, 348 U.S. 26, 33, 75 S.Ct. 98, 99 L.Ed. 27 (1954).

The Urban Redevelopment Law, 11 O.S. 1971, §§ 1601–20, does not result in unequal treatment of voters in cities having a population of more than 100,000. None of them have the opportunity to directly participate in their cities' decisions to exercise urban renewal authority. Yet, all of them can indirectly participate in these decisions at elections held to select members of the governing bodies of their cities; each of them exerts equal influence over the decision making process provided by the Act. See Kramer v. Union Free School Dist. No. 15, 395 U.S. 621, 627 n. 7, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969).

Since all the voters in cities of more than 100,000 population receive equal treatment under the Urban Redevelopment Law, 11 O.S.1971, §§ 1601–20, the Act does not create a constitutionally impermissible classification such as the classifications involved in City of Phoenix, Ariz. v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.

Ed.2d 523 (1970) (only real property tax-payers allowed to vote on general obligation bonds); Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969) (only property taxpayers allowed to vote on revenue bonds); Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969) (only owners or lessees of real property, or parents or custodians of children allowed to vote in school district elections); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965) (members of armed services not allowed to vote). Moreover, in our opinion, allowing voters in some separate and distinct municipal corporations to vote directly on matters affecting them does not result in a denial of the franchise to voters in other municipal corporations merely because they vote only indirectly on similar matters. Unless a classification deprives some group or groups of the right to vote, the classification need not be justified by a compelling state interest. Kramer, supra at 395 U.S. 626–627, 89 S.Ct. 1886; McDonald v. Board of Election Comm'rs, 394 U.S. 802, 806–808, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1968). Thus, since we have determined that the distinctions created by our urban renewal legislation are reasonable rather than arbitrary, this legislation does not violate the equal protection clause of the fourteenth amendment. Lindauer v. Oklahoma City Urban Renewal Authority, 10th Cir., 452 F.2d 117 (1971); Packard v. Banton, 264 U.S. 140, 143–144, 44 S.Ct. 257, 68 L.Ed. 596 (1924); Hayes v. Missouri, 120 U.S. 68, 71–72, 7 S.Ct. 350, 30 L.Ed. 578 (1887); McDonald v. Board of Election Comm'rs, supra.

Accordingly, the judgment of the district court is affirmed, and the case is remanded for a determination of the amount of compensation to be paid defendants for their property.

BERRY, C. J., and DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and BARNES, JJ., concur.

