**McALESTER URBAN RENEWAL AU-
THORITY, Appellant,**

v.

**Dale Angelo CUZALINA et al., Appellees.**

**No. 45421.**

Supreme Court of Oklahoma.

Nov. 27, 1973.

Rehearing Denied Feb. 20, 1974.

G. W. Dugger, Bratton, Allford & Ashmore, McAlester, for appellant.

Robert A. Layden, Layden & Layden, McAlester, for appellees.

BERRY, Justice:

The McAlester Urban Renewal Authority commenced condemnation proceedings against the appellee to acquire appellee's property for urban renewal purposes. Commissioners were appointed and fixed the value of the land, the appellee demanded a trial by jury, the jury fixed the amount of appellee's recovery at an amount exceeding the amount fixed by the commissioners, and the trial court entered

an order awarding reasonable attorney fees to the appellee's attorney pursuant to 11 O.S.1971 § 1663(f).

The Authority appeals from the order awarding attorney fees contending the "just compensation" a landowner is entitled to under Art. II § 24, Oklahoma Constitution, does not include attorney fees, attorney fees should not be awarded in the absence of an express statute providing therefore, the statute the trial court relied upon in entering the award for attorney fees in this case, 11 O.S.1971 § 1663(f), is unconstitutional under provisions of the United States and Oklahoma Constitutions, and therefore the order awarding attorney fees should be vacated and set aside.

11 O.S.1971 § 1663(f), provides as follows:

"In any condemnation proceedings in which a jury trial is had, if the verdict of the jury exceeds the award of the court appointed commissioners, the court may reward a reasonable attorney fee to the defendant or defendants which shall be paid by the condemner."

In State v. Roth, Wash., 479 P.2d 55, the court considered a similar enactment and explained the legislative intent in enacting the statute as follows:

"* * * Originally the determination of 'just compensation' was limited to an inquiry of the fair cash market value of the property involved.

\* \* \* \* \* \*

"Experience in the field of eminent domain made it evident, however, that while gross compensation awarded property owners may have been *just* in terms of the fair cash market value of the property involved, it was *unfair* in terms of the net compensation actually received by litigating property owners. The gross award often was drastically reduced by legitimate costs of litigation to the point that property owners found it an expensive luxury to defend, or even to prepare to defend, a legitimate dispute. The necessary expense of litigation often forced property owners to ac-

cept the condemnor's offer even though they felt it was not just compensation.

"The * * * legislature enacted * * * statutory changes to rectify the situation. * * *"

■ Here the Authority first contends the only funds available to pay attorney fees are capital grant funds from the federal government, that applicable federal statutes and regulations controlling expenditures of federal grants, 42 U.S.C. § 4655 and 24 CFR Part 42, do not permit expenditure of federal funds for attorney's fees in these circumstances, and therefore § 1663(f), and the trial court's order awarding attorney fees, are unconstitutional under Art. VI cl. 2, of the United States Constitution, the Supremacy Clause.

We note that the Urban Redevelopment Act provides other methods through which the Authority may acquire funds. 11 O.S. 1971 § 1660(e), § 1661(a)(3).

Furthermore, in Denver Urban Renewal Authority v. Steiner Corp., Colo.App., 500 P.2d 983, the court considered a similar contention with respect to relocation fees and stated:

"Finally, DURA contends that Congress has divested the district court of jurisdiction to review, redetermine, or consider Steiner's claim for compensation for relocation and moving expenses and, alternatively, that the district court erred in refusing to apply to this case the limitations on relocation compensation contained in regulations promulgated by the Secretary of Housing and Urban Development. This argument is without merit. The present federal * * * act and regulations * * * authorize payment of relocation expenses, but limit such payments * * *. However, the present action is not one to recover relocation payments authorized by federal statute or regulations thereunder. This is a condemnation action under the statutes and Constitution of the State of Colorado. Steiner's right to compensation and the extent thereof must be determined by the applicable law of the State of Colorado. Its right to recovery is not dependent upon nor limited by federal statutes."

We conclude the same rule is applicable here and determine this contention is without merit.

The Authority next contends § 1663(f) constitutes improper class legislation and is unconstitutional under the equal protection clause of the 14th Amendment, United States Constitution; Art. V § 59, Oklahoma Constitution, which requires laws of a general nature to have uniform operation throughout the state and prohibits special laws where a general law can be made applicable; and Art. V § 46, Oklahoma Constitution, which prohibits special laws regulating affairs of cities, towns, wards or school districts.

■ A statute allowing the recovery of attorney fees against certain condemnors and denying them against others does not deny equal protection of the law to those against whom attorney fees are assessed if the classification is reasonable. 27 Am. Jur.2d, Eminent Domain, § 476, Gano v. Minneapolis & St. L. R. Co., 114 Iowa 713, 87 N.W. 714, affd., 190 U.S. 557, 23 S.Ct. 854, 47 L.Ed. 1183; Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904.

Likewise, we have held that in order to be general in its nature and have uniform operation throughout the state as contemplated by Art. V § 59, supra, a law need not be universal in its application, but the classification adopted must be neither arbitrary nor capricious and must bear a rational relationship to the object sought to be accomplished. State v. Rockwell, Okl., 443 P.2d 104.

The Authority contends 11 O.S.1971 § 1663(f), which is applicable to cities with population of 10,000 to 100,000, and 11 O. S.1971 § 1613(f), applicable to cities exceeding 100,000 population, are the only eminent domain statutes allowing attorney fees to be awarded to the landowner under these circumstances; there are no statutory provisions allowing an award of attorney fees under these circumstances in eminent

domain proceedings brought by urban redevelopment authorities in cities of less than 10,000, [see 11 O.S.1971 § 1701 et seq.] or in any eminent domain proceedings brought by the state, municipalities, public corporations or private corporations; that the only distinction between urban renewal condemnations and other condemnations is that urban renewal condemnations are financed by federal funds, and a classification based on the fact the condemnation is financed by federal funds is clearly arbitrary and capricious.

■ We conclude that a valid classification for purposes of awarding attorney fees can be made between condemnation actions by urban renewal authorities and other condemnation proceedings on the ground that a considerable amount of the property taken in urban renewal condemnations is taken for resale to private individuals for private uses. The legislature could therefore have determined that every effort should be made to assure just compensation to owners whose property is taken for urban renewal purposes, and enacted the statute awarding attorney fees to owners who obtain a jury verdict exceeding the amount of the commissioners' award in order to accomplish this purpose.

■ Furthermore, § 1663, supra and § 1613, supra, were enacted in 1959. At that time there were no urban renewal statutes applicable to cities of less than 10,000 population.

Larger cities contain more slum and blighted areas than smaller cities, therefore, the need for urban renewal in larger cities is more pressing, and under these circumstances population is a legitimate ground for classification in urban renewal law. Lindauer v. Oklahoma City Urban Renewal Auth., Okl., 496 P.2d 1174; Isaacs v. Oklahoma City, Okl., 437 P.2d 229.

Therefore, since we have determined urban renewal condemnations may be classified separately from other condemnations for purposes of awarding attorney fees, we conclude § 1613, supra, and § 1663, supra, were constitutional at the time of their enactment even though there was no urban renewal statute applicable to towns of less than 10,000 population.

The Urban Redevelopment Act of 1961 [11 O.S.1971 § 1701 et seq.], which is applicable to cities of less than 10,000 population, was enacted in 1961 and does not provide for an award of attorney fees to landowners in these circumstances.

■ We find nothing in this act which indicates the legislature intended to repeal § 1663. Repeals of statutes by implication are disfavored. Perry v. City of Oklahoma City, Okl., 470 P.2d 974.

Furthermore, we are unable to comprehend how this act could operate to render unconstitutional the earlier acts which we find were constitutional at the time of their enactment.

Therefore, we conclude the latter act is not involved in this litigation and we need not consider the issue of whether it is constitutional.

Affirmed.

WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES and DOOLIN, JJ., concur.