STATE OFFICERS AND EMPLOYEES
Although the State Board of Public Affairs, pursuant to Senate Joint Resolution No. 1, has the authority to establish a central mailing system, the Board does not, pursuant to that Resolution, have the authority to compel agencies which fall within the purview of that resolution, and also fall within the purview of 74 O.S. 90.1 [74-90.1] (1971), to discontinue the use of their postage metering equipment and use a central metering service. Furthermore, the Interagency Mailing Service has no authority to take over the metering equipment of state agencies and provide those agencies with central metering equipment. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Does the State Board of Public Affairs, pursuant to Senate Joint Resolution No. 1, Thirty-fifth Oklahoma Legislature, Second Session, have the authority or responsibility to require those agencies that come under the coverage of the Resolution to discontinue the use of their postage metering equipment and use a central metering service? 2. If agencies under the requirement of the Resolution request the Interagency Mailing Service take over their metering equipment and provide them with the central metering service, does the Interagency Mailing Service have the authority to do so ? Senate Joint Resolution No. 1 provides, in pertinent part, as follows: "The State Board of Public Affairs is hereby authorized to initiate and operate a mailing service for the agencies and department of the state located in Oklahoma City. The Board shall promulgate and adopt such reasonable rules and regulations as may be necessary for the efficient and economical operation of a clearinghouse for interagency communications and for the deposit of the state's mail with the United States Post Office. The Board shall have the authority to employ such personnel and to purchase and acquire such equipment, materials and supplies as may be necessary to carry out the provisions of this act. Every agency and department of the state located in Oklahoma City shall be required to participate in the mailing service, except the Department of Institutions, Social and Rehabilitative Services, the Oklahoma Public Welfare Commission, the Oklahoma Tax Commission, the University of Oklahoma Medical Center, the Oklahoma Employment Security Commission, the Oklahoma Legislature, the University Hospital and the Oklahoma State Department of Health located in the Oklahoma Health Sciences Center." (Emphasis added) Senate Joint Resolution No. 1, Thirty-fifth Oklahoma Legislature, Second Session. The cardinal rule of statutory construction is to ascertain the intention of the Legislature, which should ordinarily be done by consideration of the language of the statute. City of Bristow ex rel. Hedges v. Groom, 151 P.2d 936 (okl. 1944). The word "authorized" as found in the first sentence of the Resolution is defined as, "to empower; to give a right or authority to act . . . possessed of legal or rightful power . . ." Black's Law Dictionary, Fourth Edition, Revised. It is, therefore, evident that the State Board of Public Affairs has the legal power to establish a central mailing service for the agencies of the State of Oklahoma located in Oklahoma City and may compel participation by all such agencies except those specifically exempted. No mention is made in the Resolution of those services to be performed by the central mailing service, either exclusively or in conjunction with other agencies. The Legislature, however, did specifically set forth guidelines to be followed by the Board of Public Affairs in establishing such a service. The Resolution provides that: "The Board shall promulgate and adopt such reasonable rules and regulations as may be necessary for the efficient and economical operation of a clearinghouse for interagency communications and for the deposit of the State's mail with the United States Post Office." (Emphasis added) The resolution further authorizes the Board to procure such personnel and equipment necessary to effectuate its goals. A plain reading of the Resolution reveals the intent of the Legislature to establish a central mailing service if such a service would provide for efficient and economical disbursement of the state's mail. The Board of Public Affairs was charged with the responsibility of determining whether such a program was feasible and, if found to be so, the Board was authorized to compel participation by the non-exempt agencies. The Legislature, further issued a mandate to the Board to enact rules and regulations to accomplish those goals set forth, upon a finding that the program was feasible. However, no mention was made of the services to be performed by the central mailing service, if established, that matter being left to the reasonable discretion of the Board. Senate Joint Resolution No. 1 made no provision for the establishment of a central metering service. The use of postage meter machines by state agencies is controlled by 74 O.S. 90.1 [74-90.1] (1971), which provides as follows: "Any agency, board, commission, department or institution of the State of Oklahoma which has an expenditure or postage of five hundred dollars ($500.00) for any one year shall install a postage meter machine and have all purchases of postage recorded on that postage meter machine." The use of a postage meter machine is mandatory for all those agencies which fall within the purview of the above statute. Senate Joint Resolution No. 1 does not expressly repeal 74 O.S. 90.1 [74-90.1]. That provision would, therefore, remain in effect unless it was impliedly repealed by Senate Joint Resolution No. 1. The law does not favor repeals by implication. McAlester Urban Renewal Authority. Cuzalina, 520 P.2d 656 (Okl. 1974); Wade v. Brown, 516 P.2d 526 (Okl. 1973). The earlier statute will not be repealed by a latter statute unless there is irreconcilable conflict. Gulf Oil Co. v. Woodson, 505 P.2d 484
(Okl. 1972). However, provisions of a latter statute will prevail over, or supersede, provisions of an earlier statute on the same subject which are in irreconcilable conflict therewith. Boice v. State, 473 P.2d 241 (Okl. 1970). Clearly Senate Joint Resolution No. 1, which makes no mention of a central mailing service, does not impliedly repeal the mandate of the Legislature that any state agency which has an expenditure for postage of five hundred dollars for any one year shall install a postage meter machine since the function set forth in Senate Joint Resolution No. 1 does not necessarily include the operation of a central metering service. In regard to your second question, the language in 74 O.S. 90.1 [74-90.1] requires agencies which fall within the purview of that provision to maintain a postage meter machine. It is generally accepted that the use of the word "shall" in a legislative enactment constitutes a mandate by the Legislature leaving no room for the agency involved to exercise discretion. Therefore, the agency subject to 74 O.S. 90.1 [74-90.1] may not request the Interagency Mailing Service take over their metering equipment. Furthermore, the Interagency Mailing Service, being a part of the State Board of Public Affairs, is limited in their activities to the same extent as the Board of Affairs. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: Although the State Board of Public Affairs, pursuant to Senate Joint Resolution No. 1, has the authority to establish a central mailing system, the Board does not, pursuant to that Resolution, have the authority to compel agencies which fall within the purview of that Resolution, and also fall within the purview of 74 O.S. 90.1 [74-90.1] (1971), to discontinue the use of their postage metering equipment and use a central metering service. Furthermore, the Interagency Mailing Service has no authority to take over the metering equipment of state agencies and provide those agencies with central metering service. (JOSEPH J. REINKE)