AGRICULTURE
Senate Bill 190 of the 1977 Oklahoma State Legislature does not repeal the Structural Pest Control Act, 2 O.S. 3-171 [2-3-171] et seq. (1971) because the two provisions are not completely irreconcilable, but to the extent that they are inconsistent, the provisions in the new law prevail over inconsistent provisions of the Structural Pest Control Act. The Attorney General is in receipt of your request for an opinion wherein you ask: Does Senate Bill 190 of the 1977 Oklahoma Legislature repeal the Structural Pest Control Act, 2 O.S. 3-171 [2-3-171] et seq. (1971)? A chronological review of the legislation is helpful. In 1955 all agriculture statutes were recodified. Statutes relating to pesticide applicators were enacted. Session Laws 1955, pg. 16. These statutes specifically exempted from coverage, among others, "persons engaged in exterminating termites and household pests." Rather than leave such persons without regulation, the Legislature also created statutes titled Structural Pests and Termites. Session Laws 1955, pg. 20. The legislative decision to regulate with two sets of statutes was continued for many years. In 1959, the Legislature enacted additional exemptions from the Pesticide Applicator's Law, but made no effort to consolidate the two sets of laws. Session Laws 1959, pg. 1. In 1961 the Legislature enacted a more complete and detailed codification of the pesticide applicator's statutes. Session Laws 1961, pg. 1. In this codification, all exemptions were grouped together at 2 O.S. 3-81 [2-3-81](k), which provides: "The term 'custom application of pesticides' means any application of insecticides, fungicides, herbicides, defoliants, or desiccants by aircraft or ground equipment, for hire or compensation. Provided, however, that such term shall not apply to stump-treating when the tree is cut or sawed down, nor to the use of a brush or a mop in connection with axe frilling, nor to the use of an injector to inject a chemical into any tree or brush nor to the application of pesticides to lawns, trees or shrubs immediately adjacent to a dwelling or building, nor to the use of pesticides or other chemicals for the control, eradication, or prevention of termites or household insects." This definition in 2 O.S. 3-81 [2-3-81] (k) clearly shows that the pesticide applicator statutes still did not cover or attempt to cover structural exterminators. Thus, to ensure that such operators were regulated, it was still necessary to retain the statutes titled Structural Pests and Termites. In 1967, the structural statutes received a more complete codification and were renamed the Structural Pest Control Act, 2 O.S. 3-171 [2-3-171] et seq. Session Laws 1967, pg. 656. In Senate Bill 190, the Legislature ends the practice of having two sets of statutes amending 2 O.S. 3-81 [2-3-81](k) to eliminate all exemptions. Senate Bill 190 creates the classes of commercial, noncommercial and private applicators. Section 3-81(1) provides in pertinent part: "The term 'commercial applicator' means any person who engages in commercial application of pesticides." (Emphasis added) Senate Bill 190 did not amend the definition of pesticides. 2 O.S. 3-81 [2-3-81](b) still provides: "The term 'pesticide' means any substance or mixture of substances intended for defoliating or desiccating plants, or for preventing, destroying, repelling, or mitigating any insects, rodents, fungi, bacteria, weeds. or other forms of plant or animal life which the Board shall declare to be a pest." Such a definition includes any materials a structural pest operator would use. A further indication that Senate Bill 190 is all encompassing is the amendment to 2 O.S. 3-82 [2-3-82], which provides: "(a) It shall be unlawful and misdemeanor for any person to act, operate, or do business as a commercial, noncommercial or private applicator, or to engage in application of pesticides unless such person has met the certification standards and has a valid applicator's permit issued by the Board for the category of pesticide application in which the person is engaged. The Board shall establish such categories of pesticide application as it deems necessary." (Emphasis added). The underlined sentence grants the Board of Agriculture for the first time the power to establish categories of pesticide applicators. The plain meaning of this language is to allow the Board to create categories of applicators, instead of the Legislature doing it by two sets of statutes as in the past. Another indication that Senate Bill 190 is all encompassing are amendments to 2 O.S. 3-83 [2-3-83], 2 O.S. 3-84 [2-3-84], 2 O.S. 3-85 [2-3-85] 2 O.S. 3-86 [2-3-86] to make them applicable to all commercial applicators. However, Senate Bill 190 does not expressly repeal the Structural Pest Control Act, and a repeal of statute by implication is not favored by the Courts. Many cases adopt the general rule that a repeal by implication is not favored. See: McAlester Urban Renewal Authority v. Cuzalina, Okl. Cr., 520 P.2d 656 (1974); Wade v. Brown, Okl. Cr., 516 P.2d 526 (1973); Gulf Oil Co. v. Woodsen, Okl. Cr., 505 P.2d 484 (1972); Perry v. City of Oklahoma City, Okl. Cr., 470 P.2d 974 (1970). These and other cases reaffirmed the reluctance of the courts to allow repeal by implication. In addition it must be understood that repeal by implication can apply only where there is irreconcilable conflict between the old statute and the new statute. Ritchie v. Raines, Okl. Cr., 374 P.2d 772
(1962); Boice v. State, Okla. Cr., 473 P.2d 241 (1970); Shriver v. Graham, Okl. Cr., 366 P.2d 774 (1962). The Structural Pest Control Act and Senate Bill 190 are not totally irreconcilable. There are a number of substantial provisions contained in the Structural Pest Control Act which cannot be read to be repealed by Senate Bill 190. They are not inconsistent with the purpose, intent or letter of Senate Bill 190. There are however a number of differences between the provisions of Senate Bill 190 and the Structural Pest Control Act. To the extent that these differences are not reconcilable, the Structural Pest Control Act is repealed by implication by Senate Bill 190. This is also in accordance with established law. See Atchley v. State, Okl. Cr., 473 P.2d 286 (1970) It is, therefore, the opinion of the Attorney General that your question must be answered as follows: Senate Bill 190 of the 1977 Oklahoma State Legislature does not repeal the Structural Pest Control Act, 2 O.S. 3-171 [2-3-171] et seq. (1971) because the two provisions are not completely irreconcilable, but to the extent that they are inconsistent, the provisions in the new law prevail over inconsistent provisions of the Structural Pest Control Act. (DON McCOMBS, JR.)