**TOWER OIL & GAS COMPANY, INC., Appellee,**

v.

**Billy R. PAULK and Frances J. Paulk, Husband and Wife, Appellants.**

**No. 65648.**

Supreme Court of Oklahoma.

July 11, 1989.

---

Pence & Housley by Roger O. Housley, Norman, for appellee.

Rex D. Brooks, Oklahoma City, for appellants.

LAVENDER, Justice:

On October 22, 1984 appellee Tower Oil & Gas Company, Inc., filed a petition in district court seeking appointment of appraisers pursuant to the oil and gas surface damages act, 52 O.S.Supp.1982, §§ 318.2 through 318.9, to assess damages to the surface estate held by appellants, Billy R. and Frances J. Paulk, resulting from Tower's proposed entry onto the property to undertake oil and gas drilling operations. Appraisers were appointed and instructed by the court. On January 25, 1985 the appraisers filed a report to the trial court awarding surface damages to appellants' in the amount of 18,000 dollars. Appellee filed a demand for jury trial.

This matter was set for jury trial on May 14, 1985, but in response to objections filed by Tower the trial was reset for October 23, 1985. On October 22, 1985 Tower withdrew its demand for jury trial and tendered into court the amount of the appraisers' award. The court entered judgment for appellants in the amount of the award.

Appellants then filed a motion to assess costs and expenses and attorney fees against Tower and for award of interest on the judgment from the date of the appraisers' award. The trial court denied appellants' request and this appeal ensued.

The Court of Appeals, Division III, to which this matter was originally assigned for disposition, affirmed the trial court. The Court of Appeals agreed with Tower that 52 O.S.Supp.1982 § 318.5(F) which provides, in pertinent part:

"If the party demanding jury trial does not recover a verdict more favorable to him than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against him."

requires that a jury verdict be rendered before it can be given effect. The Court of Appeals also found that Tower's actions were not of such a nature as to justify a finding of bad faith upon which to base an award of costs and attorney fees. Finally, the Court of Appeals found that a prejudgment interest award at the rate of 6 percent should be given to appellants from the date of the taking to the date of judgment and that a post judgment award of interest to be set by the trial court should be entered from the date of the judgment entered in this case.

Appellants sought certiorari from this Court alleging: 1) that the Court of Appeals misinterpreted section 318.5(F); 2) that appellants had established the bad faith nature of Tower's actions; and 3) that the post judgment rate of interest should have been applied as of the date of the appraisers' report to the trial court. We now grant the requested writ of certiorari.

■ In its opinion in this case the Court of Appeals stated that appellants' proposed reading of section 318.5(F) flew in the face of the plain language of the statute, which that court found to require the entry of a jury verdict before an award of court costs

and attorney fees could be made. However, our reading of this provision reveals nothing on which this conclusion could be logically based. The statute very clearly states that if a party demanding a jury trial fails to obtain a verdict more favorable than the appraisers' award that party shall be subject to having court costs and attorney fees assessed against him. If, as here, a party demands a jury trial and then later withdraws that request, that party has clearly failed to recover a jury verdict more favorable than the appraisers' award. We find that the proper reading of the provision is that the filing of the demand for jury trial is the activating event rather than the entry of a jury verdict.

Such a reading of the statute is clearly in line with the purposes of the oil and gas surface damages act, which is to promote the payment of compensation to the party whose land is taken as rapidly as possible after the taking has occurred.[1] By making either party subject to payment of the other party's court costs and attorney fees, section 318.5(F) promotes this policy by ensuring that a demand for jury trial will not be filed as a delaying tactic but will only be used when a good faith belief in success exists on the part of the party seeking a jury trial. Section 318.5(F)'s proper application is well illustrated by the facts of this case. Here Tower delayed payment for a period of nine months from the date of the appraisers' award. To obtain this delay Tower subjected itself to the operation of section 318.5(F) and the resulting potential of liability for court costs and attorney fees.

■ Appellants' second argument on this point is that Tower's actions in this case were undertaken in bad faith so as to provide an independent basis for award of costs and attorney fees under the rule stated in *City National Bank & Trust Company v. Owens.*[2] The Court of Appeals reviewed appellants' allegations and found

---

1. See *Dyco Petroleum Corp. v. Smith,* 771 P.2d 1006 (Okla.1989).

2. 565 P.2d 4 (Okla.1977).

that while the actions could not be condoned by the court, they did not descend to the level of the vexatious, oppressive or bad faith conduct of litigation dealt with in *Owens*. Upon review of the record we agree with the Court of Appeals' conclusion on this point.[3]

██ Appellants' final argument is that interest at the legal rate of six percent should be paid on the award from the date of the taking to the date of the appraisers' award and thereafter interest at the judgment rate of interest of fifteen percent should be paid until the date of payment. Appellants' argument regarding judgment interest is premised on the assertion that the judgment relates back to the date of the appraisers' award. In this case Tower concedes that it had stipulated that it should pay six percent interest on the award from the date of taking to the date of judgment but denies the applicability of the judgment interest rate. We agree with Tower's position on this point. The judgment rate of interest applies only from the date of entry of the judgment and does not relate back to the date of taking or the date of the appraisers' award.[4]

The opinion of the Court of Appeals, Division III, previously entered in this case is *VACATED*. The order of the trial court denying appellants' motion to assess court costs and attorney fees is *REVERSED* and the cause is *REMANDED* for determination of court costs and attorney fees to be awarded to appellants under the provisions of 52 O.S.Supp.1982 § 318.5(F).

All the Justices concur.

---

3. Tower had indicated to appellants that it would request a jury trial and utilize an appeal to delay payment. While Tower's motivation may have been questionable, its tactics entailed legitimate actions.

4. *State ex rel. Dept. of Highways v. Berry*, 495 P.2d 401 (Okla.1972).