**BEASLEY OIL COMPANY, an Oklahoma Corporation, Appellant, Cross/Appellee,**

v.

**Mr. and Mrs. Robert NANCE, Appellees, Cross/Appellants.**

**No. 73338.**

Court of Appeals of Oklahoma, Division No. I.

Oct. 30, 1990.

John N. Goodman, Oklahoma City, for appellant, cross/appellee.

Charles E. Wetsel, Robert T. Frantz, Wendell B. Sutton, Oklahoma City, for appellees, cross/appellants.

MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

This appeal involves the trial court's award of attorney's fees in an action

brought under the Oil and Gas Drilling Surface Damages Act, 52 O.S.Supp.1987 § 318.2 et seq. (Surface Damage Act). Appellant, as the operator of an oil and gas well, through his representative had contacted Appellees, the surface owners, in October of 1985. On December 4, 1985, Appellant filed a petition to appoint appraisers to make recommendations to the parties and to the court concerning the appropriate amount of surface damages. On December 17, 1985, Appellees were personally served with Appellant's notice of intent to drill. The notice stated the operator intended to commence operations to drill the well prior to December 31, 1985. The preparation did not actually commence on the drilling site until January 21, 1986 or twenty-one (21) days after the December 31, 1985 date listed in the notice.

Appellees selected an appraiser in December of 1985. The appraiser's report was filed on August 26, 1988 and they determined that Appellees were entitled to $18,000.00 for surface damages. Appellant paid the appraiser's award of $18,000.00 to Appellees and dismissed the case by filing a dismissal without prejudice on November 30, 1988. On February 17, 1989, Appellees filed a motion to confirm the appraiser's report and a motion to assess against plaintiff treble damages, interest, attorney's fees and costs. The trial court confirmed the appraiser's award of $18,000.00 and overruled the Appellees' motion for treble damages, interest, expenses and miscellaneous charges. However, the trial court sustained the Appellees' motion for attorney's fees under the "prevailing party" theory and found that reasonable attorney's fees were $4,200.00.

Appellant contends that the attorney fee of $4,200.00 to Appellees under the principle of prevailing party is neither supported by statute nor common law and should be reversed. Appellees contend that they are entitled to $8,079.75 in attorney's fees; they are entitled to treble damages pursuant to 52 O.S.Supp.1982 § 318.9; and Appellees are further entitled to interest.

I.

Pursuant to 52 O.S.Supp.1982 § 318.5(F) a party is only entitled to attorney's fees if it makes a demand for a jury trial. *Tower Oil and Gas Company, Inc. v. Paulk,* 776 P.2d 1279 (Okl.1989); *Tower Oil and Gas Company, Inc. v. Keeler,* 776 P.2d 1277 (Okl.1989); *Andress v. Bowlby,* 773 P.2d 1265 (Okl.1989). As the Supreme Court stated in *Paulk,* 776 P.2d at 1281:

We find that a proper reading of the provision is that the filing of the demand for jury trial is the activating event …

52 O.S.Supp.1982 § 318.5(F) provides:

If the party demanding jury trial does not recover a verdict more favorable to him than the assessment award of the appraisers, all court costs, including reasonable attorney's fees, shall be assessed against him.

In the present case there was neither a jury verdict nor a jury trial. Appellees assert that Appellant engaged in dilatory conduct by not pursuing the appraisal process to completion until a court order was obtained by Appellees in July of 1988 directing that the appraisal process be completed by August 31, 1988. Appellees assert that Appellant thwarted the purposes of the Surface Damages Act by delaying payment until December 1, 1988, almost three (3) years after entering onto Appellees' property in January of 1986. Such dilatory conduct, Appellees assert, subjects Appellant to the operation of 52 O.S.Supp. 1987 § 318.5(F) and the resulting potential of liability for court costs and attorney's fees.

The Surface Damages Act, however, does not place the burden of initiating the appraisal process on the operator. 52 O.S. Supp.1982 § 318.5(C) simply states that the operator shall select an appraiser, the surface owner should select an appraiser and the two shall select the third appraiser. "If either of the parties fails to appoint an appraiser … the appraiser shall be selected by the district court upon application by either party." Such delay does not descend to the level of vexatious, oppressive or bad faith conduct of litigation on the part of

Appellant. *Tower Oil and Gas Company, Inc. v. Paulk*, 776 P.2d at 1281, 1282.

■ We also find unpersuasive Appellees' argument that 12 O.S.1981 § 940(A) allows attorney's fees in the present action. Section 940(A) allows attorney's fees to the prevailing party in a civil action to recover damages for negligent or willful injury to property. The present action is an action under the Surface Damages Act; the issue of negligent or willful injury to property was not an issue raised by the surface owners to the trial court, and such issue will not be considered for the first time on appeal. *Arkansas Louisiana Gas Company v. Cable*, 585 P.2d 1113 (Okl.1978). We also do not find that Appellees are entitled to attorney's fees pursuant to 12 O.S.1981 § 936, the statute dealing with actions on accounts, bills and contracts.

The Appellees' reliance on *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332 (Okl.1984), for the proposition that Appellees were the prevailing party is inappropriate because *Wieland* was an action for the breach of express implied warranty wherein a confession of judgment was made. By payment of the appraiser's report Appellant did not "confess judgment", and the *Wieland* case is not relevant to the case at bar. In the Surface Damages Act the statutory procedure is followed to determine the surface damages, and there is no party which prevails on the merits.

Appellees argue that they are entitled to attorney's fees based upon estoppel because Appellant prayed for such relief. This is an action under the Oklahoma Surface Damages Act, and Appellees' reliance on *Messler v. Simmons Gun Specialties, Inc.*, 687 P.2d 121 (Okl.1984), is inappropriate as said case was a products' liability action where one of the parties attempted to change their theory of causation.

■ Lastly, Appellees assert that Appellant engaged in "oppression and/or malicious conduct", and therefore Appellees are entitled to attorney's fees based upon an equitable theory under the law discussed in *City National Bank and Trust Company v. Owens*, 565 P.2d 4 (Okl.1977). In *Tower Oil and Gas Company, Inc. v. Paulk*, the Supreme Court states:

> Appellant's second argument on this point is that Tower's actions in this case were undertaken in bad faith so as to provide an independent basis for award of costs and attorney's fees under the rule stated in *City National Bank and Trust Company v. Owens*. The Court of Appeals reviewed appellant's allegations and found that while the actions could not be condoned by the court, they did not descend to the level of the vexatious, oppressive or bad faith conduct of the litigation dealt in *Owens*. Upon review of the record we agree with the Court of Appeals' conclusion on this point.

776 P.2d at 1281, 1282 (footnotes omitted). In the present case, we do not find that Appellant's behavior warrants imposition of attorney's fees based upon the equitable theory espoused in *City National Bank and Trust Company v. Owens*, 565 P.2d at 4.

Pursuant to the above discussion we hold that the trial judge's order finding Appellees the "prevailing party" and therefore entitled to an attorney's fee of $4,200.00 was error and is hereby reversed. This conclusion, of course, disposes of Appellees' argument that they are entitled to an increase in attorney's fees to $8,079.75.

II.

Appellees in their counter-appeal assert that the trial court erred in refusing to award them treble damages pursuant to 52 O.S.Supp.1982 § 318.9. This section provides that a well operator may be held liable for treble damages if the operator:

> (1) Willfully and knowingly enters upon the premises with the purpose of commencing drilling of a well before giving notice to the surface owners; or (2) willfully and knowingly enters upon the premises with the purpose of commencing drilling without agreement of the surface owner.

Section 318.9 further provides that a well operator shall be liable for treble damages if the operator:

(1) Fails to notify the surface owner prior to entering the premises; or (2) fails to come to an agreement with the surface owner and does not ask the court for appraisers.

Title 52 O.S.Supp.1987 § 318.5(A) states that a well operator prior to entering the site must negotiate with the surface owner for the payment of surface damages and such negotiations must be in "good faith" pursuant to § 318.3. Once the operator has petitioned for appointment of appraisers, he may enter the site to drill. 52 O.S.Supp.1982 § 318.5(A). In *Tower Oil and Gas Company, Inc., v. Harmon*, 782 P.2d 1355 (Okl.1989) the Supreme Court stated that (1) failure to negotiate in good faith, the gravamen of Appellees' complaint in the present case, is not a proper ground for award of treble damages, and that (2) under the Surface Damages Act, treble damages can only be assessed in a separate action, a procedure which Appellees failed to request.

Treble damages can be awarded in a separate action upon presentation of a clear, cogent and convincing evidence that the operator willfully and knowingly entered upon the premises for the purpose of commencing the drilling of a well before giving notice of such entry. 52 O.S.Supp. 1982 § 318.9. The notice shall then contain a designation of the proposed location and approximate date the operator proposed to commence drilling. 52 O.S.Supp.1982 § 318.3. Appellant gave Appellees notice of their intention to drill which contained a designation of the proposed location and the approximate date (twenty-one (21) days subsequent to the December 31, 1985 date stated in the notice), that Appellant could commence drilling.

We therefore hold pursuant to the *Harmon* case, 782 P.2d at 1355, that the trial court was correct in finding that Appellant was not liable to Appellees for treble damages as provided in 52 O.S.Supp.1982 § 318.9.

III.

Appellees lastly contend in their counter-appeal that they are entitled to prejudgment interest. There is, however, no authority for prejudgment interest under the Surface Damages Act, and the judgment rate of interest applies only from the date of entry of the judgment and does not relate back to the date of the appraiser's award. *DYCO Petroleum Corp. v. Smith*, 771 P.2d 1006, 1008 (Okl.1989), provides:

As appellant correctly states, interest may not be properly awarded in the absence of a statutory authorization. The surface damages act contains no such authorization.

*Tower Oil and Gas Company, Inc. v. Paulk*, 776 P.2d 1279, 1282 (Okl.1989) (citation omitted), provides:

The judgment rate of interest applies only from the date of entry of the judgment and does not relate back to the date of taking or the date of the appraiser's award.

We therefore hold that the trial court's decision that Appellees were not entitled to prejudgment interest as of the date of the appraiser's report was correct.

Appellant requests this Court to award it appellate attorney fees and costs pursuant to *Melinder v. Southlands Development, Inc.*, 715 P.2d 1341 (Okl.1985), for the reason that this case is wholly without merit. We decline so to do, and find that each party shall be responsible for their own appeal-related attorney's fees and costs.

AFFIRMED IN PART, REVERSED IN PART.

ADAMS, P.J., and BAILEY, J., concur.