STATE OF OKLA. ex rel. COMMISSIONERS OF LAND OFFICE v. STEPHENS AND JOHNSON OPERATING CO., INC.

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:STATE OF OKLA. ex rel. COMMISSIONERS OF LAND OFFICE v. STEPHENS AND JOHNSON OPERATING CO., INC.

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE OF OKLA. ex rel. COMMISSIONERS OF LAND OFFICE v. STEPHENS AND JOHNSON OPERATING CO., INC.2020 OK 84Case Number: 116229Decided: 10/06/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 84, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

THE STATE OF OKLAHOMA, ex rel, THE COMMISSIONERS OF THE LAND OFFICE, Plaintiff/Appellee,
v.
STEPHENS AND JOHNSON OPERATING COMPANY, INC. Defendant/Appellant.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III

¶0 In an opinion released for publication, the Court of Civil Appeals, Division III, affirmed the trial court's denial of attorney fees and costs in this action brought under the Surface Damages Act. Appellant sought, and this Court granted, certiorari.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF THE COURT OF CIVIL APPEALS WITHDRAWN;
JUDGMENT OF THE TRIAL COURT AFFIRMED.

Mart Tisdal, Pat O'Hara, Patrick O'Hara, Jr., W. Jason Hartwig, TISDAL & O'Hara, Oklahoma City, Oklahoma, and Deborah Jacobson, COMMISSIONERS OF THE LAND OFFICE, Oklahoma City, Oklahoma, for THE STATE OF OKLAHOMA ex rel. THE COMMISSIONERS OF THE LAND OFFICE

Andrew J. Waldron, WALKER & WALKER, Oklahoma City, Oklahoma, for STEPHENS AND JOHNSON OPERATING COMPANY, INC.

WINCHESTER, J.

¶1 Appellant operating company, Stephens and Johnson Operating Company (Operator), requested an award of attorney fees and costs in this case brought under the Surface Damages Act. Operator claims entitlement to the fees and costs as the prevailing party herein since the State of Oklahoma ex rel. the Commissioners of the Land Office (Surface Owner) did not recover a jury verdict greater than the appraisers' award. We find the statutes in question do not provide for fees and costs to the prevailing party but instead impose specific conditions which were not satisfied in this case.

BACKGROUND

¶2 Oklahoma's Surface Damages Act (the Act or the SDA), 52 O.S.2011, §§ 318.2--318.9, provides the framework for assessing the amount of surface damages an oil and gas operator must pay to a surface owner for damage to the owner's property. Davis Oil. Co. v Cloud, 1986 OK 73, ¶16, 766 P.2d 1347, 1351. The Act requires an operator to negotiate for the payment of "any damages which may be caused by the drilling operation." 52 O.S.2011, § 318.5(A). If the parties cannot reach an agreement regarding damages, the operator must file a petition in district court of the county where the property is located to have the amount determined by three, court-appointed appraisers. Id. If either party disagrees with the appraisers' award, that party may file a demand for jury trial which should be "conducted and judgment entered in the same manner as railroad condemnation actions tried in the court." Id. at § 318.5(F). Where "the party demanding the jury trial does not recover a more favorable verdict than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against the party." Id.

¶3 Operator drilled and completed four oil and gas wells in Oklahoma County on property owned by Surface Owner. The parties were unable to reach an agreement in regard to the amount of surface damages incurred by Surface Owner as a result of the drilling operations. Surface Owner brought suit under the SDA seeking just compensation. Pursuant to the Act, the trial court appointed three appraisers to assess the damages. 52 O.S.2011, § 318.5(A). Two of the three appraisers issued a majority report in which they set damages at $450,000.00 while the minority appraiser estimated damages at $120,515.00. Operator rejected the majority report and demanded a jury trial.

¶4 After a jury trial, the jury returned a verdict in favor of Surface Owner for $206,192.97. Neither party appealed this judgment. Operator then filed an application for attorney fees and costs in the amount of $359,458.71. The trial court heard the matter and denied Operator's request. Operator appealed the denial which was affirmed by the Court of Civil Appeals, Division III (COCA). Both the trial court and COCA found that the SDA did not provide for an award of fees and costs under the facts of this case. COCA found that the Act provides for costs and attorney fees to be assessed only when the jury-demanding party fails to obtain a verdict more favorable than the appraisers' assessment. Operator petitioned for certiorari which this Court previously granted.

STANDARD OF REVIEW

¶5 The reasonableness of an attorney fee award is generally reviewed using the abuse of discretion standard. However, where the question of whether an attorney fee is authorized by law is presented, such a claim is reviewed de novo. Under this standard, this Court affords a "non-deferential, plenary and independent review" of the trial court's legal ruling. See Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶10, 152 P.3d 880, 884--885.

DISCUSSION

¶6 In Oklahoma, the right of a litigant to recover attorney fees is governed by the American Rule. TRW/Reda Pump v. Brewington, 1992 OK 31, ¶13, 829 P.2d 15, 22. Under this Rule, each party bears the cost of his/her legal representation and the courts are without authority to award attorney fees in the absence of a specific statute or a contractual provision allowing the recovery of such fees, with certain exceptions. Kay v. Venezuelan Sun Oil Co., 1991 OK 16, 806 P.2d 648, 650. Statutes authorizing the award of attorney fees must be strictly construed, and exceptions to the American Rule are carved out with great caution because liberality of attorney fees awards against the non-prevailing party have a chilling effect on open access to the courts. Beard v. Richards, 1991 OK 117, ¶12, 820 P.2d 812, 816.

¶7 Here, the express requirements for Operator's requested award of attorney fees and costs under § 318.5(F) have not been satisfied. Under the plain terms of the Act, only the non-jury demanding party may recover its fees and costs and only when the jury-demanding party failed to obtain a more favorable verdict than the appraiser's award. 52 O.S.2011, § 318.5(F). The terms of § 318.5(F) are equally applicable in their treatment of the demanding party, regardless of whether a surface owner or an operator demands the jury trial. Tower Oil & Gas Co., Inc. v. Keeler, 1989 OK 104, ¶5, 776 P.2d 1277, 1278. This is not a prevailing party provision. Because Operator was the jury-demanding party and received a more favorable verdict, it is not entitled to fees herein under the plain terms of the SDA.

¶8 Recognizing the unavailability of fees under the SDA, Operator argues that incorporation of attorney fees provisions from the railroad condemnation statutes, specifically 66 O.S.2011, § 55(D), would permit recovery of its attorney fees. Operator points to the following language from the Act in support of its theory: "The trial shall be conducted and judgment entered in the same manner as railroad condemnation actions tried in the court." 52 O.S.2011, § 318.5(F). Operator urges that this language contemplates an award of attorney fees through incorporation of the following provision of the railroad condemnation statutes:

. . . [I]f the award of the jury exceeds the award of the court-appointed commissioners by at least ten percent (10%), then the owner of any right, title or interest in the property involved may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal, engineering, and expert witness fees actually incurred because of the condemnation proceeding. The sum awarded shall be paid by the party instituting the condemnation proceeding.

66 O.S.2011, § 55(D)(in pertinent part).

¶9 Operator misconstrues the plain language of § 55(D) which allows an award of fees solely to the successful landowner. The courts have specifically rejected an approach such as that advanced by Operator, holding that § 55(D) does not authorize an award of attorney fees to a condemning party. See, e.g., Moore, 2009 OK CIV APP 63, ¶ 7, 217 P.3d 165, 167 ("The language of § 55 clearly subjects the condemning authority to the assessment of attorney, appraisal, engineering and expert witness fees. However, there is no corresponding provision subjecting the landowner to the assessment of such fees in the event the jury's award is less than the commissioners' award.").

¶10 Operator cites two COCA opinions from other divisions which it claims were rendered in conflict with COCA's decision herein regarding the application of condemnation authority to attorney fees under the SDA: TXO Prod. Corp. v. Stanton, 1992 OK CIV APP 101, 847 P.2d 821 and Bays Expl., Inc. v. Jones, 2007 OK CIV APP 111, 172 P.3d 217. Both Stanton and Jones involved actions under the SDA wherein the surface owners demanded a jury trial and the jury verdict awards were higher than the appraisers' awards in favor of the surface owners. These facts are easily distinguishable from the present case where Operator was the jury demanding party and also recovered a more favorable verdict since the jury verdict was less than the appraisers' award.

¶11 In Stanton, COCA's Division II held that "the legislature did not intend to restrict recovery of attorney fees to situations covered by § 318.5(F), but contemplated application of 66 O.S.1991 § 55(D), by virtue of the kindred nature of those actions and the reference to the railroad condemnation statutes in § 318.5(F)." TXO Prod. Corp. v. Stanton, 1992 OK CIV APP 101, ¶4, 847 P.2d 821, 822. Likewise, in Jones, COCA's Division IV specifically agreed with the holding in Stanton that "the legislature intended to authorize costs and attorney fees by virtue of its incorporation of the procedures of railroad condemnation proceedings as to trials and judgments conducted under the Surface Damages Act, in § 318.5(F)." Bays Expl., Inc. v. Jones, 2007 OK CIV APP 111, ¶28, 172 P.3d 217, 223.

¶12 Operator points to Andress v. Bowlby, 1989 OK 78, 773 P.2d 1265, as support for the incorporation of § 55(D) to attorney fees requests under the SDA. However, much like Stanton and Jones, Andress is also distinguishable from the instant matter. In Andress, the operator and the landowner both filed demands for jury trial in an action brought under the SDA. The operator withdrew its demand just before the start of the jury trial, but the trial proceeded and the jury returned a verdict less favorable to the operator than the appraisers' award. The landowner filed a motion for attorney fees pursuant to § 318.5(F), which the trial court denied. On appeal, the operator argued that the withdrawal of his demand for jury trial before the trial commenced prohibited any assessment of attorney fees against him. The Court, finding that § 318.5(F) squarely fit the facts of that case, rejected this argument and held that the landowner was entitled to an award of attorney fees under that provision of the Act.1 Andress v. Bowlby, 1989 OK 78, ¶¶ 9, 12, 773 P.2d 1265, 1268. See also, Union Oil Co. of Cal. v. Heinsohn, 43 F.3d 500, 503 (10th Cir. 1994) (applying the Court's analysis in Andress, denying the operator's requested attorney fees because § 318.5(F) "does not permit the fees here ordered against Union because Union did not request a jury which is an express condition in the Act.").

¶13 Even if we applied § 55(D) to the facts of this case as urged by Operator, Operator would still not be entitled to the requested fees and costs. As mentioned above, the plain terms of the statute provide for an award of attorney fees solely to successful landowners, not successful operators or condemnors. 66 O.S.1991, § 55(D). The courts in Stanton and Jones incorporated the attorney fee provision from § 55(D) to justify attorney fees awards to surface owners who demanded a jury trial and received a jury verdict that exceeded the appraisers' award by at least 10%. This is so because the Legislature intended to make the damaged land owner as whole as possible after the taking. Oklahoma Turnpike Auth. v. New Life Church, 1994 OK 9, ¶ 12, 870 P.2d 762, 766. (Land owners should be placed as fully as possible in the same position as that before the government's taking.) See also YDF, Inc. v. Schlumar, Inc., 2006 OK 32, ¶10, 136 P.3d 656, 659 (The SDA was established to promptly compensate surface owners for damages which may result from oil and gas exploration.).

¶14 As noted by COCA in Stanton, the Andress case provides "little guidance" because it involved a request for attorney fees that fell squarely within § 318.5(F). We agree with Stanton that Andress must not be read as a rejection of applying § 55(D) in an analysis of attorney fees awards: "Andress did not reach the situation presented by the case at bar and must be read as a rejection of applying § 55(D) in surface damages cases only with respect to recovery of expert fees as part of the costs that are otherwise recoverable under § 318.5(F)." The Legislature clearly did not intend to restrict the recovery of attorney fees to situations covered by § 318.5(F) but instead contemplated incorporation of § 55(D) by virtue of the kindred nature of those actions and the reference to the railroad condemnation statutes as set forth in § 318.5(F). Accordingly, per the plain terms of § 55(D), we find Operator is not entitled to its requested fees thereunder.

¶15 Finally, Operator argues that equal protection principles demand that a successful defendant must be entitled to an award of attorney fees if a successful plaintiff is statutorily entitled to the fees. As mentioned previously, the attorney fees provided for by statute under the SDA and the railroad condemnation provisions are not typical "prevailing party" awards. Further, the SDA subjects either party to the payment of the other party's costs and attorney fees depending on the facts, which were not present herein. See Tower Oil & Gas Co., Inc. v. Paulk, 1989 OK 105, ¶6, 776 P.2d 1279, 1281 (By making either party subject to payment of the other party's court costs and attorney fees, § 318.5(F) ensures that a demand for jury trial will not be filed as a delaying tactic but instead used when a good faith belief in success exists on the part of the party seeking a jury trial.)

¶16 As to the award of fees provided only to landowners in condemnation cases as requested under § 55(D), this Court has consistently found that such treatment does not create an equal protection violation. See, e.g., McAlester Urban Renewal Authority v. Cuzalina, 1973 OK 144, ¶10, 520 P.2d 656, 658-659 (Court found statute allowing landowners and not condemners to recover attorney fees did not violate equal protection provision); Root v. Kamo Electric Co-op, Inc., 1985 OK 8, ¶¶38-40, 699 P.2d 1083, 1091-1092 (Court followed ruling in McAlester, and denied equal protection argument as to the application of attorney fees award under § 55(D)); State ex rel. Department of Transportation v. Lamar Advertising of Oklahoma, Inc., 2014 OK 47, 335 P.3d 771 (Court denied constitutional due process argument where only landowner could obtain attorney fees under statute). Thus, Operator's equal protection arguments fail.

CONCLUSION

¶17 Operator demanded the jury trial herein and the jury returned a verdict for less than the amount of the appraisers' award, a more favorable result to Operator. The cases awarding fees and costs to surface owners under § 318.5(F) of the SDA have no application in this case because that provision is limited to situations where the jury demanding party fails to obtain a verdict more favorable than the appraisers' award. Likewise, cases awarding attorney fees under § 55(D) to land owners that obtained a verdict in excess of the appraisers' award by 10% are also inapplicable in this case because that statute allows an award of fees solely to land owners. Consequently, Operator, the party demanding the jury trial in this case, is not entitled to an award of attorney fees under Oklahoma statutory or case law. The trial court properly denied Operator's request for fees and costs.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF THE COURT OF CIVIL APPEALS WITHDRAWN;
JUDGMENT OF THE TRIAL COURT AFFIRMED.

ALL JUSTICES CONCUR

FOOTNOTES

1 Similarly, the Court in Tower Oil & Gas Co., Inc. v. Keeler, 1989 OK 104, 776 P.2d 1277, rejected the operator's argument that a subsequent withdrawal of the jury demand precluded an imposition of attorney fees against him under § 318.5(F). The Court held:

[S]ection 318.5(F) very clearly states that if a party demanding a jury trial fails to obtain a verdict more favorable than the appraisers' award,that party shall be subject to having court costs and attorney fees assessed against him. If, as here, a party demands a jury trial and then later withdraws that request, that party has clearly failed to a recover a verdict more favorable than the appraisers' award. We find that the proper reading of the provision is that the filing of the demand for jury trial is the activating event rather than the entry of the jury verdict.

Tower Oil & Gas Co., Inc. v. Keeler, 1989 OK 104, ¶4, 776 P.2d 1277, 1278.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Civil Appeals Cases
 CiteNameLevel

 1992 OK CIV APP 101, 847 P.2d 821, 64 OBJ 679, TXO Production Corp. v. StantonDiscussed at Length
 2007 OK CIV APP 111, 172 P.3d 217, BAYS EXPLORATION, INC. v. JONESDiscussed at Length
 2009 OK CIV APP 63, 217 P.3d 165, STATE ex rel. DEPT. OF TRANSPORTATION v. MOOREDiscussed
Oklahoma Supreme Court Cases
 CiteNameLevel

 1986 OK 73, 766 P.2d 1347, 57 OBJ 2885, Davis Oil Co. v. CloudDiscussed
 1989 OK 78, 773 P.2d 1265, 60 OBJ 1383, Andress v. BowlbyDiscussed at Length
 1989 OK 104, 776 P.2d 1277, 60 OBJ 1726, Tower Oil & Gas Co., Inc. v. KeelerDiscussed at Length
 1989 OK 105, 776 P.2d 1279, 60 OBJ 1728, Tower Oil & Gas Co., Inc. v. PaulkDiscussed
 1991 OK 16, 806 P.2d 648, 62 OBJ 785, Kay v. Venezuelan Sun Oil Co.Discussed
 1991 OK 117, 820 P.2d 812, 62 OBJ 3481, Beard v. RichardsDiscussed
 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. BrewingtonDiscussed
 1994 OK 9, 870 P.2d 762, 65 OBJ 283, Oklahoma Turnpike Authority v. New Life Pentecostal Church of JenksDiscussed
 1973 OK 144, 520 P.2d 656, McALESTER URBAN RENEWAL AUTHORITY v. CUZALINADiscussed
 2006 OK 32, 136 P.3d 656, YDF, INC. v. SCHLUMAR, INC.Discussed
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.Discussed
 2014 OK 47, 335 P.3d 771, STATE ex rel. DEPT. OF TRANSPORTATION v. LAMAR ADVERTISING OF OKLAHOMA, INC.Discussed
 1985 OK 8, 699 P.2d 1083, Root v. Kamo Elec. Co-op., Inc.Discussed
Title 52. Oil and Gas
 CiteNameLevel

 52 O.S. 318.2, DefinitionsCited
 52 O.S. 318.5, Negotiating Surface Damages - Appraisers - Report and Exceptions Thereto - Jury TrialDiscussed at Length
Title 66. Railroads
 CiteNameLevel

 66 O.S. 55, Review of Commissioner's Report - Jury Trial - Notice - CostsDiscussed at Length

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA