**TOWER OIL & GAS COMPANY, INC., Appellant,**

v.

**Douglas KEELER and Esther Keeler, Appellees.**

No. 65616.

Supreme Court of Oklahoma.

July 11, 1989.

Pence & Housley by Roger O. Housley, Norman, for appellant.

Rex D. Brooks, Oklahoma City, for appellees.

LAVENDER, Justice:

On June 29, 1984 appellant Tower Oil & Gas Company, Inc., filed a petition in district court seeking appointment of appraisers pursuant to the oil and gas surface damages act, 52 O.S.Supp.1982 § 318.2 through 318.9, to assess damages to the surface estate held by appellees, Douglas and Esther Keeler, resulting from Tower's proposed entry onto the property to undertake oil and gas drilling operations. Appraisers were appointed and instructed by the court. On October 17, 1984 the appraisers filed a report to the trial court awarding surface damages to appellees in the amount of 16,000 dollars. Appellant filed a demand for jury trial.

This matter, after having been set for jury trial and stricken, was again set for jury trial to be held October 29, 1985. On October 22, 1985 Tower withdrew its demand for jury trial and tendered into court the amount of the appraisers' award. The court entered judgment for appellees in the amount of the award. Appellees then filed a motion to assess costs and attorney fees against Tower. Appellees also sought an award of all litigation costs on the basis that Tower's actions had been taken in bad faith. The trial court granted the request for costs and attorney fees, finding such an award to be proper under the provisions of 52 O.S.Supp.1982 § 318.5(F), but denied litigation costs finding no bad faith on the part of Tower to support the award. Appellant appeals, challenging the propriety of the award of costs and attorney fee and the amount of attorney fee awarded. Appellees cross-appeal, challenging the trial court's ruling finding a lack of bad faith.

The statutory provision in dispute here is 52 O.S.Supp.1982 § 318.5(F), which provides in pertinent part:

"If the party demanding jury trial does not recover a verdict more favorable to him than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against him."

Appellant argues that this provision can only be triggered by the entry of a jury verdict and since appellant had the right to withdraw the demand for jury trial at any time prior to entry of such a verdict the trial court had no authority under this provision to award costs and attorney fees. We do not agree.

■ The quoted portion of section 318.-5(F) very clearly states that if a party demanding a jury trial fails to obtain a verdict more favorable than the appraisers' award, that party shall be subject to having court costs and attorney fees assessed against him. If, as here, a party demands a jury trial and then later withdraws that request, that party has clearly failed to recover a verdict more favorable than the appraisers' award. We find that the proper reading of the provision is that the filing of the demand for jury trial is the activating event rather than the entry of the jury verdict.

Such a reading of the provision is clearly in line with the purposes of the oil and gas surface damages act, which is to promote payment to the party whose land is taken as rapidly as possible after the taking has occurred.[1] By making either party subject to payment of the other party's court costs and attorney fees, section 318.5(F) promotes this policy by discouraging the parties from insisting that a jury assess the damages where the appraisers have fixed a reasonable amount. Certainly the filing of a demand for jury, when done only for the purposes of delay, is at odds with the intent of the Legislature as exemplified in the surface damage act. *Dyco Petroleum Corp. v. Smith,* supra.

■ Appellant's second proposition of error is that the award of attorney fees is not

---

1. See *Dyco Petroleum Corp. v. Smith,* 771 P.2d 1006 (Okla.1989).

supported by evidence as to reasonableness of the time claimed. Appellant cites *Oliver's Sports Center, Inc., v. National Standard Insurance Co.,*[2] in support of this proposition. In *Oliver's Sports Center* this Court stated:

> In *Burk [v. City of Oklahoma City,* 598 P.2d 659 (Okl.1979)], this Court established that after the date of promulgation, January 24, 1979, attorneys would be required to present detailed time records to the court and to offer evidence of the reasonable value for the services performed, predicated on the standards within the local legal community.

In the present case appellees' counsel did present a detailed time record to the trial court. Appellant's counsel stipulated as to a reasonable hourly rate for the services performed. Appellant's counsel did, however, challenge the necessity of various items charged in the time record. These arguments were presented to the trial court and the trial court made a determination as to a reasonable fee to be awarded. Because the fee awarded was strictly based on an hourly rate for time expended the other factors discussed in *Oliver's Sports Center* did not come into play. We find no basis in appellant's arguments upon which to justify a finding that the trial court acted erroneously in determining a reasonable fee to be awarded in this case. The trial court here was in a singularly proper position to determine the reasonableness of the expenditures of time claimed in this case.

Finally appellees argue in their cross-appeal that Tower's actions in this case were undertaken in bad faith so as to justify an award of litigation costs under the rule stated in *City National Bank & Trust Co. v. Owens.*[3] The only evidence presented on this point was that Tower had, in negotiating for a settlement with appellees, indicated they would delay payment as long as possible of the appraisers' award if appellees did not agree to a lesser amount.[4] While we do not approve of such tactics, we agree with the trial court's determination that Tower's behavior did not descend to the level of the vexatious, oppressive or bad faith conduct of litigation dealt with in *Owens.*

The order of the trial court awarding fees and costs to appellees is *AFFIRMED.*

All the Justices concur.

---

**2.** 615 P.2d 291 (Okla.1980).

**3.** 565 P.2d 4 (Okla.1977).

**4.** Tower had indicated to appellees that it would request a jury trial and utilize an appeal to delay payment.