TOWER OIL & GAS COMPANY, INC., Appellant,

v.

**Buzz HARMON, Appellee.**

**No. 65617.**

Supreme Court of Oklahoma.

Oct. 3, 1989.

As Corrected Oct. 10, 1989.

Pence & Housley by Roger O. Housley, Norman, for appellant.

Montgomery & Montgomery by Henry H. Montgomery, Purcell, for appellee.

LAVENDER, Justice:

On March 7, 1985 Appellant, Tower Oil & Gas Company, Inc., filed a petition in district court seeking appointment of appraisers pursuant to the oil and gas surface damages act, 52 O.S.Supp.1982 §§ 318.2 through 318.9 to assess damages to the surface estate held by Appellee, Buzz Harmon resulting from Tower's proposed entry onto the property to undertake drilling operations. Appraisers were appointed and instructed by the court. On May 5, 1985 the appraisers filed a report to the trial court awarding surface damages to Appellee in the amount of 15,000 dollars. Appellant filed a demand for jury trial.

This matter was set for jury trial on October 29, 1985. On October 25, 1985 Tower withdrew its demand for jury trial and tendered into court the amount of the appraisers' award. The court entered judgment for Appellee in the amount of the award. Appellee then filed a motion to assess costs and damages against Tower. Appellee also filed a motion for award of treble damages under 52 O.S.Supp.1982 § 318.9. The trial court awarded court costs and attorney fees to Appellee finding such an award to be proper under the provisions of 52 O.S.Supp.1982 § 318.5(F). The trial court also awarded treble damages in the case finding that its ruling that

Tower had failed to give proper notice under the statutes and had failed to enter into good faith negotiations in regard to an earlier petition filed by Tower, supported an allowance of treble damages under 52 O.S.Supp.1982 § 318.9.[1] Tower filed this appeal challenging the trial court's ruling allowing costs and attorney fees, the amount allowed for such award and the award of treble damages.

Appellant's contentions in this matter as to the authority of the trial court to award court costs and a reasonable attorney fee for Appellee's attorney pursuant to the terms of 52 O.S.Supp.1982 § 318.5(F) have been addressed and answered adversely to Appellant, in *Tower Oil and Gas Company, Inc. v. Keeler*, 776 P.2d 1277 (Okl.1989) and in *Tower Oil and Gas Company, Inc. v. Paulk*, 776 P.2d 1279 (Okl.1989).

We note also that Appellant's argument that the trial court erred in allowing the amount of attorney fees and various "costs" items in this case was similary addressed in the opinion in *Tower Oil and Gas Company, Inc. v. Keeler, supra.* The trial court was affirmed in that case. Here the record of evidence before the trial court was almost identical to the record in the cited case. We see no reason to depart from our conclusions in that matter.

An issue not controlled by the above cited decisions is however presented by the Appellant's challenge to the propriety of the award of treble damages entered by the trial court against the Appellant in this case. The statutory provision at issue here is 52 O.S.Supp.1982 § 318.9, which provides in pertinent part:

Upon presentation of clear, cogent and convincing evidence that the operator willfully and knowingly entered upon the premises for the purpose of commencing the drilling of a well before giving notice of such entry or without the agreement of the surface owner, the court may, in a separate action, award treble damages. The issue of noncompliance shall be a fact question, determinable without jury,

---

1. The present matter was designated C–85–86 in district court. Tower's first petition in this case was filed as case number C–85–41. That petition was dismissed following the trial court's ruling referred to.

**1357**

and a de novo issue in the event of appeal.

In making the award of treble damages in this case the trial court relied on its finding in regard to a prior petition filed by Tower that Tower had not complied with the statutory notice provisions of 52 O.S.Supp.1982 § 318.3 because notice had not been given of intent to drill by certified mail and because Tower had not undertaken to negotiate in good faith as required by 52 O.S. Supp.1982 § 318.3.

We must agree with Tower that the award of treble damages in this case is improper. First, the cited portion of section 318.9 does not provide that the failure to negotiate in good faith is a proper ground for award of treble damages. Second, and most importantly, section 318.9 requires that the issues which do give a basis for award of treble damages be determined in a separate action. The provision of a separate action is vital in that the parties must be given notice of the issues and the penalties involved. Here the trial court proposed to use the findings from a hearing in which Tower was clearly not subject to treble damages to impose a penal liability. The statute on this point is very clear, the evidence to support the imposition of treble damages must be developed in the course of a separate hearing in which the issue to be determined is liability for treble damages.

Furthermore, the trial court's reliance on its prior decision as having preclusive effect could not be allowed to stand in this case. Under section 318.9 the critical element is whether the operator willfully and knowingly entered onto the premises for the purpose of commencing drilling operations without giving notice of entry. In the prior hearing the trial court dealt with the question of compliance with the requirements of section 318.3 which set forth how notice of intent to drill is to be given and requires that good faith negotiations be entered into after notice has been given. The question of whether Tower had entered onto the premises to begin drilling operations without notice was not determined by the trial court in that hearing. Therefore the trial court's determination as to Tower's initial petition could not determine the claim for treble damages. The critical issue in an action for treble damages was not put in issue in the action which generated the trial court's former ruling.[2]

The trial court's ruling insofar as it awards court costs and attorney fees to Appellee pursuant to 52 O.S.Supp.1982 § 318.5(F) is *AFFIRMED*. The trial court's ruling insofar as it awards treble damages to Appellee pursuant to 52 O.S. Supp.1982 § 318.9 is *REVERSED*.

HARGRAVE, C.J., OPALA, V.C.J., and SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.

HODGES, Justice, concurring in part; dissenting in part: I would reverse for a new trial on the treble damages issue.

ALMA WILSON, J., joins with me in this view.

**2.** See *Boy Scouts of America, Inc. v. Thompson,* 380 P.2d 705 (Okla.1963); *Wilson v. Lee Evans Drilling Co.,* 322 P.2d 630 (Okla.1958).