**SAMSON RESOURCES COMPANY, Appellant,**

v.

**Billy D. CLOUD, Appellee.**

**No. 73401.**

Court of Appeals of Oklahoma, Division No. 3.

June 11, 1991.

§ 250.3.

Rand Phipps, Jack A. Canon, Tulsa, for appellant.

John D. Henderson, Stigler, for appellee.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

Appellant seeks review of the trial court's award of treble damages, attorney's fees, expenses and costs to Appellee for Appellant's alleged violation of the Oklahoma Surface Damages Act, 52 O.S. Supp.1982 §§ 318.2–318.9 (the Act).

Appellant, as a gas well operator, notified Appellee, a surface owner, by certified mail, of its intent to drill a well on Appel-

lee's land in Haskell County, pursuant to Section 318.3 of the Act. Within five (5) days, Appellant attempted to negotiate with Appellee regarding the amount of surface damages, but the parties could not agree. Appellant filed a petition for appointment of appraisers, as required by the Act, but mistakenly filed the petition in Atoka County and in the petition, described Appellee's land as being located in Atoka County. Appellant then entered Appellee's land to begin drilling operations. Upon discovery of the mistake, Appellant moved for a change of venue to Haskell County. The Atoka County court transferred venue of the case to Haskell County, where Appellee objected to the change of venue and moved to dismiss Appellant's petition for failure to state a cause of action in Haskell County. Upon hearing, Appellee's motion to dismiss was sustained. Appellant subsequently refiled its petition in Haskell County, wherein appraisers were appointed and an appraiser's report determining damages was filed.

Appellee then filed a motion to assess treble damages, attorney's fees, expenses and costs against Appellant under Section 318.9 of the Act based upon Appellant's failure to reach an agreement as to damages with Appellee before entering Appellee's land. At the hearing, the trial court found that Appellant's entry upon Appellee's land after filing its petition in the wrong court constituted a violation of the Act and warranted imposition of treble damages, attorney's fees, expenses and costs against Appellant. This appeal followed.

Appellant alleges the trial court erred in finding Appellant's procedural error, in filing its petition in the wrong county, warranted imposition of the penalty provision of the Act. We agree.

Section 318.9 of the Act provides:

Upon presentation of clear, cogent and convincing evidence that the operator willfully and knowingly entered upon the premises for the purpose of commencing the drilling of a well before giving notice

of such entry or without the agreement of the surface owner, the court may, in a separate action, award treble damages. The issue of noncompliance shall be a fact question, determinable without jury, and a de novo issue in the event of appeal.

Any operator who willfully and knowingly fails to keep posted the required bond or who fails to notify the surface owner, prior to entering, or fails to come to an agreement and does not ask the court for appraisers, shall pay, at the direction of the court, treble damages to the surface owner.

Damages collected pursuant to this act shall not preclude the surface owner from collecting any additional damages caused by the operator at a subsequent date.

 Thus, Appellee was required to show by clear, cogent and convincing evidence that Appellant willfully and knowingly entered upon Appellee's land before giving him notice or without his agreement, or failed to petition the court for appraisers or failed to post the requisite bond. The penal nature of Section 318.9 is evidenced by the provision for treble damages upon an exacting burden of proof.

The evidence shows that Appellant did notify Appellee of its intention to enter upon his land. Appellant negotiated in good faith with Appellee within five (5) days after notice was given as required by the Act, but the parties could not reach an agreement. Appellant posted the necessary bond. Appellant petitioned the court for appraisers, and Appellant was duly served with summons, despite the fact that the petition was filed in the wrong county and recited that the land was located in Atoka County. Clearly, Appellee knew of Appellant's intention to drill on his Haskell County land because Appellee's counsel notified Appellant that it had filed the petition in the wrong county. Appellee argues that it is entitled to treble damages because after Appellant discovered its mistake, it did not dismiss the Atoka County case or

cease drilling operations, and that he was damaged because he was forced to enter an appearance in the Atoka County case.

■ A statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. *AMF Tubescope Company v. Hatchel*, 547 P.2d 374 (Okl.1976). A penal statute must be strictly construed and any cause of action based upon such statute must be clear and without doubt. *Quinn v. City of Tulsa*, 777 P.2d 1331 (Okl.1989). If there is a fair doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of the person against whom enforcement of the statute is sought. C.J.S. Statutes, § 389; *Kirk v. McCallister*, 97 Okl.Cr. 104, 259 P.2d 325 (1953).

■ The purpose of the Act is to promote the payment of compensation to the party whose land is taken as rapidly as possible after the taking has occurred. *Tower Oil & Gas Co., Inc. v. Paulk*, 776 P.2d 1279 (Okl.1989). Appellant attempted to comply with the spirit of the Act in all its actions, and committed only a procedural error in filing in the wrong county. We cannot say that this is the type of evil the legislature sought to protect against when it enacted the treble damages provision of Section 318.9 or that Appellant's acts were "willfully and knowingly" consummated as those terms are commonly understood. *See Shields v. State*, 184 Okl. 618, 89 P.2d 756 (1939). The trial court erred in awarding treble damages under these facts. *Beasley Oil Co. v. Nance*, 801 P.2d 745 (Okl.App.1990).

■ We further find that the trial court erred in awarding attorney's fees, expenses and costs to Appellee. While Section 318.9 provides that "[d]amages collected pursuant to this act shall not preclude the surface owner from collecting any additional damages caused by the operator at a subsequent date", attorney's fees, expenses and costs are not included in the provision. While the Act may be an attempt to compensate for site selection, extent of development, activity and damages flowing therefrom, both direct and consequential, if the legislature intended for this provision to include such costs, it would have so provided. *See Santa Fe Minerals, Inc. v. Simpson*, 735 P.2d 1206 (Okl.App.1987). Such lack of intent is further evidenced by the fact that in the Act, the legislature did see fit to provide for attorney's fees and costs in Section 318.5(F), in cases where a party demanding a jury trial fails to obtain a verdict greater than the appraiser's award. *Tower Oil & Gas Co., Inc. v. Harmon*, 782 P.2d 1355 (Okl.1989); *Tower Oil & Gas Co., Inc. v. Paulk, supra; Tower Oil & Gas Co., Inc. v. Keeler*, 776 P.2d 1277 (Okl.1989). Generally, attorney's fees are not recoverable in absence of statute or an enforceable contract. *Hall v. Edge*, 782 P.2d 122 (Okl.1989). We find no basis for the trial court's award of these costs in this case. *Beasley Oil Co. v. Nance, supra.*

The trial court's judgment is hereby REVERSED. Appellant's request for appellate-related attorney's fees is DENIED.

GARRETT, P.J., and HANSEN, J., concur.