2007 OK CIV APP 107

STATE of Oklahoma ex rel., DEPART-
MENT OF TRANSPORTATION,
Plaintiff/Appellee,

v.

Elmer M. DOWNEY, deceased, his/her
known or unknown heirs, executors, ad-
ministrators, legatees, devisees, trustees,
creditors & assigns; and, Frances D.
Downey, husband and wife; and, The
Logan County Treasurer, Defendant/Ap-
pellants.

No. 103,677.

Court of Civil Appeals of Oklahoma,
Division No. 1.

July 20, 2007.

Certiorari Denied Oct. 15, 2007.

Becky McDown, Oklahoma City, OK, and Richard Meacham Fogg, El Reno, OK, for Plaintiff/Appellee.

Harlan Gene Hentges, Oklahoma City, OK, for Defendant/Appellant, Frances D. Downey.

Robert L. Hudson, District Attorney, Stillwater, OK, for Defendant/Appellee, Department of Transportation.

CAROL M. HANSEN, Presiding Judge.

¶ 1 In this eminent domain action, commissioners appointed by the court determined Defendant, Frances D. Downey, was entitled to payment of $65,243.00 as just compensation for Plaintiff's, State of Oklahoma, ex rel. Department of Transportation (DOT), taking of certain property belonging to Defendant. Downey filed exceptions and asked for a jury trial. The jury set compensation at $85,000.00, thus exceeding the commissioners' appraisal by $19,757.00.

¶ 2 Title 27 O.S.2001 § 11(3) provides: "if the award of the jury exceeds the award of the court appointed commissioners by at least ten percent (10%), the owner of any right, title or interest in such real property may be paid such sum as in the opinion of the court will reimburse such owner for his reasonable attorney, appraisal and engineering fees, actually incurred because of the condemnation proceeding. Such determination by the court shall be appealable to the Supreme Court in the same manner as any other final order. The final award of such sums will be paid by the person, agency or other entity which sought to condemn the property." [1]

¶ 3 Because the jury's award far exceeded the 10 percent level, Downey sought attorney fees, appraisal fees, engineering fees and expert witness fees incurred in the action in the total amount of $120,000.00. She attached detailed records reflecting this amount was actually incurred and paid. The trial court found these amounts to be unreasonable and reduced the award substantially because the difference between the jury's award and the commissioner's award was only $19,757.00. Downey appeals, claiming the trial court abused its discretion in light of § 11. She attached the following chart reflecting the discrepancy between the expenses "actually incurred" and that which the trial court awarded.

| FEES | INCURRED | AWARDED | REDUCTION | |
|---|---|---|---|---|
| Frank Davis expert on attorney fees | $ 2,000 | $ 0 | $ 2,000 | 100% |
| Raleigh Jobes, PhD agricultural economist | $ 17,000 | $ 10,000 | $ 7,000 | 41% |
| Willard Smith PE hydrology expert | $ 28,500 | $ 13,000 | $ 13,000 | 46% |
| James Hoyt real estate appraiser | $ 15,000 | $ 7,500 | $ 7,500 | 50% |
| Attorney fees | $ 55,500 | $ 35,000 | $ 20,000 | 36% |
| Costs | $ 5,000 | $ 1,870 | $ 3,130 | 62% |
| **Total** | **$ 120,000** | **69,370** | **$ 49,630** | **58%** |

¶ 4 This Court should never be unmindful that a landowner is entitled to be compensated fully when property is taken by a government in the exercise of its eminent domain power. *Art 2, § 24 Oklahoma Constitution.* The constitution's mandate, both state and federal, strongly supports full indemnification by just and fair compensation. *The command requires the owner be placed as fully as possible in the same position as that before the government's taking. Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks,* 1994 OK 9, 870 P.2d 762. That decision held a contingency fee of 40% between a landowner and his attorney was reasonable. It did not deal

1. Title 66 O.S.2001 § 55(D) is essentially the same as this section.

with the "actually incurred" language of the statute.

■ ¶ 5 DOT stipulated the hourly rates were reasonable and acknowledged Downey had paid all the bills submitted. From the documented records submitted to the court of hours spent by Downey's attorneys and her expert witnesses, and the testimony of Downey's attorney and the expert witnesses, it is clear the claimed reimbursement of $120,000.00 from DOT was for expenses "actually incurred."

¶ 6 The trial court awarded $69,370.00. The effect of the reduction is that Downey paid $49,630.00 in expenses out of her own pocket. If this amount is subtracted from the jury's award of $85,000.00, her net monetary relief is reduced to $35,370.00. Under this scenario, Downey would have been financially better off taking the commissioner's award. If uniformly applied to condemnation proceedings, this view would certainly deter landowners from seeking a jury trial. This is not the intent of the fee shifting statute in condemnation proceedings.

■ ¶ 7 DOT cites *Oklahoma Turnpike Authority v. Little*, 1993 OK 116, 860 P.2d 226. That decision held litigation expenses are not recoverable under § 11.[2] However, it further held witness fees incurred during a hearing on the issue of reasonableness of award of attorney fees were recoverable. Here the trial court did not award any amount to Downey for the expert testimony of an attorney in the fee hearing. As in *Little*, that was error.

¶ 8 In *State ex rel. Department of Transportation v. Norman Industrial Development Corporation*, 2001 OK 72, 41 P.3d 960, cited by DOT, the Supreme Court dealt with the single issue of whether the "actually incurred" provision of § 11 prohibited the addition of an incentive or bonus fee to the attorney fee award[3] in a condemnation proceeding in which the fee obligation is governed by contract. The Supreme Court held

it did. It upheld a trial court judgment for $338,986.82, less the amount given as a bonus fee, in fees and costs premised on hours expended multiplied by the hourly rate.

¶ 9 Downey presented an attorney who testified on the reasonableness of the costs and attorney fees. Based on his review, the amount of discovery and the volume and nature of the pleadings, the attorneys' time spent was reasonable.

■ ¶ 10 A contract-based fee is governed primarily by the landowner's valid obligation to her lawyer. One who challenges its amount or provisions has the burden of proving the obligation's unconscionability or unreasonableness. *Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks, supra.* Downey provided documented evidence of the fees she "actually incurred" in the condemnation trial. The burden then shifted to DOT to prove the fees were unreasonable. Its proof did not rise to that level.

¶ 11 DOT presented only one witness in support of its position—an attorney who focused on eminent domain work. He had looked at the property and become familiar with factors involved in the condemnation proceedings. He thought 200 to 225 hours would have been sufficient. He did not think there was a need for two attorneys to work on the case. However, this testimony must be measured against the hours "actually incurred."

■ ¶ 12 The trial court reduced the amount of costs and fees claimed by Downey as not a reasonable sum to be awarded "when measured against the net recovery of $19,757.00." This is not the correct basis for a determination of fees. The jury awarded $85,000.00 to Downey. The trial court erred in using the $19,757.00 as the net recovery in determining if the fees requested were not reasonable.

---

**2.** Downey did not seek litigation expenses. Undisputed evidence establishes the claimed costs were not part of the attorneys' overhead but rather separate expenses paid by Downey. *Oklahoma Turnpike Authority v. New*, 1993 OK 42, 853 P.2d 765.

**3.** The incentive or bonus fee is allowed as a factor for determining an attorney fee under *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659.

¶ 13 A landowner is entitled to attorney fees in full amount of its contractual obligation to its attorney. In the absence of convincing evidence the amount of the fee is unreasonable, the trial court was required to award attorney fees in the amount of the landowner's contractual obligation to its attorney. *State ex rel. Department of Transportation v. Allied Tower Co., Inc.,* 2006 OK CIV APP 71, 136 P.3d 718.

¶ 14 DOT attempts to convince us there was no contract between Downey and her attorney. The evidence presented reflects a contract for services that had been fully performed, including payment by Downey. It further points to no § 11 case wherein a trial court correctly reduced a claim for services because it found the costs were excessive as not in proportion to the "net" recovery. Accordingly, the judgment is reversed and remanded for further proceedings consistent with this opinion.

¶ 15 REVERSED AND REMANDED

BELL, J., concurs.

BUETTNER, J., concurring in result.

¶ 16 I agree that the trial court erred when it focused on the net recovery received by Downey as the amount in controversy or the amount of success achieved by landowner. Downey's success is the $85,000.00 award, and the amount in controversy was the varying amounts of compensation urged by DOT and Downey. In addition, it was clear that both parties thought it was reasonable to present an expert witness on attorney's fees, so the failure to award a reasonable fee for that expert was not justified.

¶ 17 However, I disagree with the analysis of the majority opinion. Section 11(3) provides two factors to consider in awarding attorney, appraisal, and engineering fees: they must be reasonable and they must be actually incurred. There is no reason to suggest that the reasonableness of attorney fees under § 11(3) should not be governed by *Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659. As a result, the movant under § 11(3) has the burden of proving both that the requested fees are reasonable and were actually incurred.

¶ 18 The majority says that after Downey proved that the fees were actually incurred, then the burden shifted to DOT to prove the fees were unreasonable. There is no authority cited for this proposition, and it is contrary to other statutory fee cases.

¶ 19 This was not a contract-fee case such as the contingency fee contract at issue in *Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks,* 1994 OK 9, 870 P.2d 762. In that case, after proving the existence of a 40% contingency fee contract (which was less than the statutory maximum of 50%) the Supreme Court ruled that the OTA must show the contract was unreasonable. In effect, because the 40% contract was less than the maximum, it was presumed reasonable. That is not the case here. In an hourly rate case, the party requesting fees must prove that the number of hours and hourly rate are both reasonable in order to receive any award. It is not enough to merely prove the fees were incurred.