OSCN Found Document:CALYX ENERGY, LLC v. HALL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CALYX ENERGY, LLC v. HALL
2015 OK CIV APP 1
342 P.3d 1007
Case Number: 111383
Decided: 12/12/2014
Mandate Issued: 01/07/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 1, 342 P.3d 1007

 

CALYX ENERGY, LLC, Plaintiff/Appellee,
v.
MARK R. HALL and 
RACHEL A. HALL, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF CREEK COUNTY, OKLAHOMA
HONORABLE JOE SAM VASSAR, TRIAL JUDGE

AFFIRMED AS MODIFIED

Sam T. Allen, IV, LOEFFLER, ALLEN & HAM, Sapulpa, Oklahoma, for 
Plaintiff/Appellee
Stephen J. Capron, CAPRON & EDWARDS, PLLC, Tulsa, 
Oklahoma, for Defendants/Appellees


JOHN F. FISCHER, PRESIDING JUDGE:
¶1 Mark and Rachel Hall filed this appeal challenging two attorney fee orders 
and two orders denying their request for treble damages in this surface damage 
case. Calyx also appealed the first of the attorney fee orders challenged by the 
Halls. The parties have failed to demonstrate any error by the district court. 
We modify the first of the attorney fee orders to correct a mathematical error 
and otherwise affirm the orders appealed.
BACKGROUND
¶2 Calyx filed this action pursuant to the Oklahoma Surface Damages Act, 52 O.S.2011 §§ 318.2 to 318.9,[1] to determine 
the amount it owed the Halls for conducting drilling operations on the Halls' 
real property. The Halls demanded a jury trial seeking surface damages in excess 
of the amount determined by the appraisers. They also sought treble damages 
pursuant to section 318.9 of the Act and joined with their demand a separate 
tort claim. Much of the history of this litigation is set forth in this Court's 
Opinion in Calyx Energy, LLC v. Hall, 2013 OK CIV APP 4, 295 P.3d 30 (Calyx I). The 
Halls' appeal in that case of three of the orders at issue in this appeal was 
dismissed for lack of appellate jurisdiction. Specifically, Calyx I held 
that because the Halls' request for treble damages based on the notice and 
negotiation provisions of section 318.9 of the Surface Damages Act remained 
unresolved, none of the orders related to the surface damage claim were 
appealable. Calyx I did not resolve, and we do not resolve here, whether 
the Halls' tort claim is a separate claim or part of one cause of action for the 
damage caused by Calyx's drilling operations. The tort claim was tried and 
reduced to judgment in favor of the Halls on March 6, 2012, has been satisfied, 
and is not a part of this or any other appeal.[2] As a result of further proceedings in 
the district court after our decision in Calyx I, the attorney fee and 
treble damage orders are now appealable.
STANDARD OF REVIEW
¶3 Whether a party is entitled to an attorney fee pursuant to a statute is a 
question of law, reviewed de novo. Boston Ave. Mgmt., Inc. v. Associated 
Res., Inc., 2007 OK 5, ¶ 10, 
152 P.3d 880, 884-85. See 
also, Finnell v. Jebco Seismic, 2003 OK 35, ¶ 7, 67 P.3d 339, 342. The standard of 
review of the reasonableness of the attorney fees awarded is abuse of 
discretion. Tibbetts v. Sight'n Sound Appliance Ctrs., Inc., 2003 OK 72, ¶ 3, 77 P.3d 1042, 1046 (citations 
omitted). "[A]buse occurs when the ruling being reviewed is based on an 
erroneous legal conclusion or there is no rational basis in the evidence for the 
decision." Id.
¶4 An operator's liability for treble damages for violation of the Surface 
Damages Act is reviewed de novo. 52 
O.S.2011 § 318.9; Houck v. Hold Oil Corp., 1993 OK 166, ¶ 23, 867 P.2d 451, 458. "In that § 318.9 
provides the issue of violation is a de novo one in the event of an appeal the 
standard of appellate review is a nondeferential one, according no weight to a 
lower tribunal's determination of the issue." Id.
ANALYSIS
¶5 On June 16, 2010, the jury verdict in favor of the Halls on the surface 
damage aspect of their claim against Calyx was reduced to judgment and filed in 
this case. Because the Halls recovered a "more favorable verdict than the 
assessment award of the appraisers," their motion for attorney fees and costs 
based on that judgment was granted. 52 O.S.2011 § 318.5(F). The order 
granting that motion was filed January 3, 2011. Pursuant to Title 52 O.S.2011 § 318.9, the treble 
damage aspect of the Halls' claim was tried to the district court on January 4, 
2011. In an order dated January 31, 2011, and filed February 7, 2011, the Halls' 
request for treble damages based on Calyx's failure to post a location bond was 
denied by the district court. The Halls then filed a second motion for attorney 
fees based on the work done litigating the treble damage aspect of their claim. 
The order denying that motion was filed June 6, 2011. The Halls' request for 
treble damages based on the notice and negotiation aspects of their surface 
damage claim was denied as reflected in the order filed December 28, 2012.
I. The Attorney Fee Orders
¶6 Citing general authority that one who accepts the benefit of a judgment 
cannot appeal that judgment, Calyx argues that the Halls have waived the right 
to appeal the award of attorney fees by executing on the location damage bond 
and subsequent replenishments of that bond. Calyx has not demonstrated the 
applicability of that general authority in this "special statutory proceeding." 
Ward Petroleum Corp. v. Stewart, 2003 OK 11, ¶ 7, 64 P.3d 1113, 1114. Because section 
318.5(F) of the Act requires Surface Damages Act cases to be tried in the same 
manner as railroad condemnation cases, "it is appropriate to look to 
condemnation law for guidance . . . ." Id. In railroad condemnation 
cases, "the owner shall be entitled to the immediate receipt of the compensation 
awarded, without prejudice to the right of either party to prosecute further 
proceedings for the judicial determination of the sufficiency or insufficiency 
of said compensation." 66 O.S.2011 § 
54.

 
 The clearly established policy in Oklahoma in relation to condemnation 
 actions is to allow the condemnee to be compensated for the taking of his 
 interest as soon as possible after that taking has occurred. To that end the 
 Legislature, at 66 O.S.1981 § 
 54 , has provided that the condemnee is immediately entitled to the 
 receipt of the compensation awarded without prejudice to the right of either 
 party to prosecute further proceedings regarding the 
award.
Dyco Petroleum Corp. v. Smith, 1989 OK 51, ¶ 14, 771 P.2d 1006, 1009. "The purpose of 
the Surface Damages Act is to promote the prompt payment of compensation of a 
surface owner whose land is taken for oil and gas exploration." Schlumar, 
2006 OK 32, ¶ 10, 136 P.3d at 
659. The Halls have not waived the right to appeal the Janruary 3, 2011, 
attorney fee order.
¶7 There is no dispute that the Halls are entitled to "reasonable attorney 
fees" with respect to the surface damage aspect of this litigation. "[A]ll court 
costs including reasonable attorney fees shall be assessed" against Calyx 
because the Halls obtained a judgment for more than the amount assessed by the 
appraisers. 52 O.S.2011 § 
318.5(F). The Halls contend that the amount of that fee is determined by the 
contract with their attorney. Whether "reasonable attorney fees" as that term is 
used in section 318.5(F) is determined solely by a surface owner's contractual 
obligation to an attorney has not been previously decided.
¶8 The Halls entered into a contract with their attorney to represent them in 
this litigation for an amount equal to a specified hourly rate multiplied by the 
time devoted to their representation. They requested $90,998.40 in attorney fees 
based on the number of hours spent by their attorney multiplied by the 
contractual hourly rate. The hourly rate is not in dispute, but the number of 
hours expended by the Halls' attorney is disputed. After a hearing on the 
attorney fee issue, the district court, although noting uncertainty with respect 
to the controlling authority, applied the factors set forth in State ex rel. 
Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659, and awarded the Halls 
$43,375.00 of the $90,998.40 in attorney fees requested and $5,843.40 in costs. 
The Halls argue it was error for the district court to apply the Burk 
factors and reduce the amount of attorney fees awarded below the amount they are 
contractually obligated to pay their attorney.
¶9 In support of this contention, the Halls rely on State ex rel. Dep't of 
Transp. v. Allied Tower Co., Inc., 2006 OK CIV APP 71, 136 P.3d 718, and State ex rel. 
Dep't of Transp. v. Downey, 2007 
OK CIV APP 107, 172 P.3d 
225. Both cases stand for the proposition that if a landowner in a 
condemnation case is entitled to attorney fees, the amount is determined by the 
landowner's contractual obligation to the attorney in the absence of any 
evidence that the contractual obligation was excessive or unreasonable. Both 
cases also interpreted the attorney fee provision in the eminent domain statute, 
27 O.S.2011 § 11(3): "the owner 
of any right, title or interest in such real property may be paid such sum as in 
the opinion of the court will reimburse such owner for his reasonable attorney . 
. . fees actually incurred because of the condemnation proceedings." Noting that 
this language was identical to the attorney fee statute in 66 O.S.2011 § 55(D) governing 
railroad condemnation cases, and that the eminent domain statutes provide that 
cases would be conducted pursuant to the procedure for railroad condemnation 
cases, the Allied Tower and Downey Courts followed the Supreme 
Court's holding in Oklahoma Turnpike Authority v. New Life Pentecostal Church 
of Jenks, 1994 OK 9, 
870 P.2d 762 and Root v. KAMO 
Electric Coop., Inc., 1985 
OK 8, 699 P.2d 1083. Those 
cases held that to be fully compensated for the taking of private property for a 
public purpose a landowner must be awarded any contractual attorney fee 
obligation as long as the obligation was not unreasonable or excessive. In part, 
the Allied Tower and Downey Courts derived that obligation from 
the statutory language entitling a landowner in a condemnation proceeding to 
reasonable attorney fees "actually incurred" 66 O.S.2011 § 55(D).
¶10 The attorney fee statute applicable in this case is distinguishable from 
the statutes at issue in New Life Pentecostal, KAMO Electric, 
Allied Tower and Downey. Title 52 O.S.2011 § 318.5(F) only 
authorizes an award of "all court costs including reasonable attorney fees." 
Unlike the attorney fee provisions in the condemnation statutes, the 
authorization for an award of attorney fees "actually incurred" does not appear 
in the Surface Damages Act attorney fee statute. "[T]he general rule is that 
nothing may be read into a statute which was not within the manifest intention 
of the legislature as gathered from the language of the act." Stemmons, Inc. 
v. Universal C.I.T. Credit Corp., 1956 OK 221 ¶ 19, 301 P.2d 212, 216. Further, the 
Surface Damages Act attorney fee statute was enacted after the railroad and 
eminent domain statutes and, therefore, the statutes providing for attorney fees 
"actually incurred" were clearly known to the Legislature adopting section 
318.5(F). Consequently, the fact that the Legislature could have but did not use 
the "actually incurred" language is significant. "The law-making body is 
presumed to have expressed its intent in a statute's language and to have 
intended what the text expresses." Yocum v. Greenbriar Nursing Home, 2005 OK 27, ¶ 9, 130 P.3d 213, 219.
¶11 This conclusion is compelled by Andress v. Bowlby, 1989 OK 78, 773 P.2d 1265. In Andress, 
the surface owners sought to recover their expert witness fees as part of their 
costs noting that section 318.5 of the Surface Damages Act provides that the 
surface damage trial "shall be conducted and judgment entered in the same manner 
as railroad condemnation actions tried in the court." The surface owners argued 
that they were entitled to their expert witness fees because the railroad 
condemnation statute authorized the recovery of "reasonable attorney, appraisal, 
engineering, and expert witness fees actually incurred because of the 
condemnation proceeding." 66 O.S.2011 
§ 55(D). The Andress Court was not persuaded.

 
 We must reject appellees' argument that the statement in § 318.5(F) that 
 directs that actions tried to the jury be conducted in the same manner as 
 railroad condemnation cases necessarily implies that the statutory provision 
 which allows the assessment of expert witness fees in such cases, 66 O.S.1981 § 55 (D), applies to 
 authorize their recovery here. Although § 318.5(F) indicates that such cases 
 are to provide a procedural framework for surface damage acts, the same 
 provision also contains its own provision for assessing court costs and 
 attorney fees. Were we to take the approach proposed by appellees, we would 
 necessarily find this language regarding court costs and attorney fees to be 
 mere surplusage. This would be contrary to basic tenets of statutory 
 construction. Here the Legislature has set forth a provision for assessment 
 of costs and attorney fees which applies specifically to surface damage act 
 cases. We must read the act so as to give full effect to the language 
 used.
Bowlby, 1989 OK 78, ¶ 
13, 773 P.2d at 1268. Although section 318.5(F) of the Surface Damages Act 
mandates that the "trial" of such cases shall be conducted and judgment entered 
in the same manner as railroad condemnation cases, as recognized by the 
Andress Court, there are substantive differences in the two acts. The 
"language used" in section 318.5(F) contains its "own provision" for awarding 
attorney fees and does not include authority for recovery of attorney fees 
"actually incurred."
¶12 Further, and contrary to the Halls' argument, Burk does apply. 
"The Burk criteria are the standard by which our courts test the 
reasonableness of attorney fee contracts as well as attorney fee awards." In 
re Adoption of Baby Boy A, 2010 OK 39, ¶ 27, 236 P.3d 116, 124-25. And, in every 
case, an attorney fee must be reasonable whether the fee is paid by the client 
or by the losing litigant. Morgan v. Galilean Health Enters., Inc., 1998 OK 130, ¶ 14, 977 P.2d 357, 364. The Halls' 
argument that they were entitled to an attorney fee award based solely on the 
contract with their attorney in this Surface Damages Act case is not persuasive 
and is contrary to controlling authority.
¶13 Consequently, we review the reasonableness of the attorney fee awarded in 
the January 3, 2011, order. "The trial court here was in a singularly proper 
position to determine the reasonableness of the expenditures of time claimed in 
this case." Tower Oil & Gas Co., Inc. v. Keeler, 1989 OK 104, ¶ 6, 776 P.2d 1277, 1279. The Halls have 
not demonstrated any abuse of discretion by the district court in determining 
what attorney time was reasonably expended in this case.
¶14 Calyx's counter-appeal contends that the amount of attorney fees awarded 
by the district court pursuant to the January 3, 2011, order was "excessive and 
certainly should not be increased." In essence, and to the extent Calyx disputes 
the amount of attorney fees awarded to the Halls, Calyx's argument centers on a 
few instances of attorney time perceived to be excessive or unnecessary. Calyx 
has not demonstrated that, if accepted, its argument would result in more of a 
reduction than ordered by the district court from the $90,998.40 originally 
requested by the Halls. And, with respect to its specific contentions, we once 
again rely on the district court "to determine the reasonableness of the 
expenditures of time claimed in this case." Id.
¶15 Finally, however, the Halls contend, and Calyx concedes, that there was a 
mathematical error in the award of fees and costs in the January 3, 2011, order. 
The total amount of attorney fees and costs due to the Halls pursuant to that 
order is $51,218.40, not $45,375.00. The January 3, 2011, order of the district 
court is modified to reflect that amount and affirmed.
A. The March 6, 2011, Attorney Fee Order
¶16 As previously discussed, the Halls' request for treble damages was tried 
to the district court and denied pursuant to the January 31, 2011, order. After 
the trial on the treble damage aspect of their Surface Damages Act claim, the 
Halls filed a second motion for attorney fees seeking fees for the time expended 
with respect to the trial of that matter. They appeal the denial of that motion 
contending that even though they did not prevail on the treble damage issue, 
they were the prevailing parties on their surface damage claim of which the 
treble damage issue was part.
¶17 As the Halls argue and this Court held in Calyx I, the Halls 
request for treble damages is "part of the statutory remedy provided by the 
[Surface Damages] Act to landowners for damage to the surface of their property 
resulting from oil and gas drilling operations." Calyx I, 2013 OK CIV APP 4, ¶ 15, 295 P.3d 
at 34. However, the treble damages statute provides that an operator's 
compliance with the location damage bond and notice provisions of the Surface 
Damages Act "shall be a fact question, determinable without jury . . . ." 52 O.S.2011 § 318.9. As such, the 
district court is required to conduct a "separate hearing" to determine a treble 
damage issue. Tower Oil & Gas Co., Inc., v. Harmon, 1989 OK 127, ¶ 6, 782 P.2d 1355, 1357. The Halls 
correctly cite the general rule that a party need not prevail on every issue in 
order to receive an award of attorney fees as the prevailing party in the 
Surface Damages Act case. It is not necessary that a party be completely 
successful in order to be the prevailing party. Commercial Commc'ns, Inc. v. 
State ex rel. Oklahoma Bd. of Pub. Affairs, 1980 OK 93, ¶ 8, 613 P.2d 473, 476. The general rule, 
however, is inapplicable in this Surface Damages Act case.
¶18 The right of the Halls to recover attorney fees is governed by the 
American Rule. TRW/Reda Pump v. Brewington, 1992 OK 31, ¶ 13, 829 P.2d 15, 22. This rule is firmly 
established and provides that courts are without authority to award attorney 
fees in the absence of a specific statute or exceptions not applicable here. 
Id. Unlike section 318.5(F), the treble damages statute does not contain 
any authorization for awarding attorney fees. Further, section 318.9 of the 
Surface Damages Act is in the nature of a penal statute and must be strictly 
construed. Houck v. Hold Oil Corp., 1993 OK 166, ¶ 25, 867 P.2d 451, 459. We agree with 
this Court's conclusion in Samson Resources Company v. Cloud, 1991 OK CIV APP 55, ¶ 10, 812 P.2d 1378, 1381: "While Section 
318.9 provides that '[d]amages collected pursuant to this act shall not preclude 
the surface owner from collecting any additional damages caused by the operator 
at a subsequent date', attorney's fees . . . are not included in the provision." 
The Halls would not be entitled to attorney fees with respect to their request 
for treble damages even if they had prevailed on that issue.[3]
II. The Treble Damages Order
¶19 In their final proposition of error, the Halls contend that the district 
court erred in denying their request for treble damages. The relevant statute 
provides:

 
 Upon presentation of clear, cogent and convincing evidence that the 
 operator willfully and knowingly entered upon the premises for the purpose 
 of commencing the drilling of a well before giving notice of such entry or 
 without the agreement of the surface owner, the court may, in a separate 
 action, award treble damages. The issue of noncompliance shall be a fact 
 question, determinable without jury, and a de novo issue in the event of 
 appeal.
 Any operator who willfully and knowingly fails to keep posted the 
 required bond or who fails to notify the surface owner, prior to entering, 
 or fails to come to an agreement and does not ask the court for appraisers, 
 shall pay, at the direction of the court, treble damages to the surface 
 owner.
 Damages collected pursuant to this act shall not preclude the surface 
 owner from collecting any additional damages caused by the operator at a 
 subsequent date.
52 O.S.2011 § 
318.9. Section 318.9, therefore, authorizes the district court to impose 
treble damages in two circumstances: (1) an operator enters the premises before 
giving notice or obtaining the agreement of the surface owner, (2) an operator 
does not post a location bond. The Halls allege that Calyx violated both 
provisions. The location bond issue was resolved in the district court's January 
31, 2011, order; the notice and negotiation issue was resolved in its December 
28, 2012, order.[4]
 
A. The Location Damage Bond Issue
 
¶20 The operator of an oil and gas well is required to post a "plugging bond" 
(17 O.S.2011 § 518) and a 
location damage bond (52 O.S.2011 
§318.4). It is undisputed that after beginning its drilling operations on 
the Halls' property in May 2008, Calyx did not post the required location damage 
bond until September of 2009. It is also undisputed that Calyx did post the 
required plugging bond before it began drilling. At the hearing on this issue on 
January 4, 2011, two Calyx representatives testified. The testimony established, 
as the district court found, that the two bonds were in the same amount, that 
Calyx representatives confused the two bond requirements and that this mistake 
was made in good faith.
¶21 It was the Halls' burden to prove that Calyx "willfully and knowingly" 
violated section 318.9 by failing to post the location damage bond. Section 
318.9 of the Surface Damages Act is penal in nature and must be strictly 
construed. Houck, 1993 OK 
166, ¶ 25, 867 P.2d at 459. As such, the Halls were required to prove "some 
form of wrongful intent or motive . . . to invoke the strictures of the 
penalty." Id. (citing Maxwell v. Samson Res. Co., 1993 OK 23, 848 P.2d 1166). The district court 
concluded that the Halls had failed to do so. The Halls have advanced no 
argument in this appeal showing that the district court erred in doing so. Based 
on our de novo review of the hearing transcript and exhibits offered at the 
January 4 hearing, we conclude, as did the district court, that the Halls have 
failed to show that Calyx's failure to post the location damage bond resulted 
from the kind of "willful and wanton" conduct required for the imposition of 
treble damages. The district court's January 31, 2011, order is affirmed.
B. The Notice and Negotiation Issue
¶22 The Halls also contend that they are entitled to treble damages based on 
the first sentence of section 318.9: "Upon presentation of clear, cogent and 
convincing evidence that the operator willfully and knowingly entered upon the 
premises for the purpose of commencing the drilling of a well before giving 
notice of such entry . . . ." As the Halls construe section 318.9, the "notice" 
required by this provision is the same as the notice required by section 318.3. 
Section 318.3 requires an operator to notify a surface owner before entering the 
property and provide the approximate date and location of the proposed drilling 
operations. The Halls concede that there is no specific requirement in section 
318.9 for the operator to negotiate in good faith. However, they derive this 
obligation from section 318.3: "Within five (5) days of the date of delivery or 
service of the notice of intent to drill, it shall be the duty of the operator 
and the surface owner to enter into good faith negotiations to determine the 
surface damages." The Halls argue that the district court erred when it 
"declined to hear evidence" on this issue and that the case should be remanded 
for a determination of whether Calyx provided the required notice.
¶23 First, adopting the Halls' construction of these statutes, section 318.3 
imposes a duty on "the operator and the surface owner to enter into good 
faith negotiations to determine the surface damages." (Emphasis added). 
Consequently, the Halls would first have to prove that they satisfied their duty 
to negotiate in good faith before being able to argue a breach of that duty by 
Calyx. The evidence of the Halls' good faith is not contained in this record. At 
the hearing on the treble damages issue, Mr. Hall testified that he received a 
letter from Calyx dated April 7, 2008. The letter notified the Halls that 
"pursuant to the requirements of Title 52 O.S. § 318.3" Calyx intended to 
drill on their property, expressed Calyx's desire to resolve their surface 
damages by negotiation rather than an action in district court, and gave them 
contact information for a Calyx representative they could call to begin those 
negotiations. By April 10, 2008, the Halls' attorney had contacted the Calyx 
representative and advised that he would try and get settlement authority from 
his clients. On April 21, 2008, the Calyx representative transmitted a copy of 
the petition it had filed in the surface damage case to the Halls' attorney 
noting that he had not heard anything since his April 10 letter and presumed the 
Halls' "position remains unchanged and that they dispute [Calyx's] right to 
drill and are not interested in negotiating a surface damage settlement." 
Nonetheless, the letter concluded with an offer to meet at the Halls' 
convenience in an attempt to settle the surface damage issue. Further, in an 
offer of proof, Calyx referred to testimony by Mrs. Hall to the effect that the 
Halls were not willing to accept compensation from Calyx for an agreement to 
drill on their property.
¶24 Second, during the January 4, 2011, hearing on the Halls' request for 
treble damages, the district court announced its view that failure to negotiate 
was a defense the surface owner could interpose when the operator filed a 
petition for the appointment of appraisers before the operator began drilling 
operations, but not a basis on which treble damages could be awarded. The 
district court's view is supported by section 318.5(A):

 
 Prior to entering the site with heavy equipment, the operator shall 
 negotiate with the surface owner for the payment of any damages which may be 
 caused by the drilling operation. If the parties agree, and a written 
 contract is signed, the operator may enter the site to drill. If agreement 
 is not reached . . . the operator shall petition the district court in the 
 county in which the drilling site is located for appointment of appraisers 
 to make recommendations to the parties and to the court concerning the 
 amount of damages, if any. Once the operator has petitioned for appointment 
 of appraisers, the operator may enter the site to 
drill.
Compliance with section 318.5(A) is not an issue in this case. Prior to 
filing its petition on April 21, 2008, Calyx attempted to negotiate with the 
Halls. When those negotiations failed, Calyx did not enter the Halls' property 
until May 16, 2008, after filing its petition.
¶25 The district court also relied on Tower Oil & Gas Company, Inc. v. 
Harmon, 1989 OK 127, 
782 P.2d 1355. The Harmon 
Court reversed a treble damages award, in part, because "section 318.9 does not 
provide that the failure to negotiate in good faith is a proper ground for award 
of treble damages."[5] The Halls contend the Supreme Court's statement 
about the failure to negotiate in good faith as a basis for treble damages is 
dicta because the treble damage award in Harmon had not been entered in 
the separate proceeding required by section 318.9. We find the Halls' argument 
unpersuasive. The Court stated two grounds for reversing the treble damage 
award, the failure to conduct a separate hearing and the reliance on section 
318.9 as a basis for awarding treble damages. Consequently, section 318.9 does 
not authorize the imposition of treble damages for an operator's failure to 
negotiate in good faith.
¶26 Section 318.9 does authorize treble damages for an operator's failure to 
notify the surface owner or obtain the surface owner's agreement before 
entering the property. However, the surface owner must provide "clear, cogent 
and convincing evidence that the operator willfully and knowingly" did so. The 
Halls admit that Calyx notified them before it entered their property. 
Consequently, Calyx satisfied its obligation pursuant to the first sentence of 
section 318.9, and treble damages cannot be imposed on this basis. What 
additional evidence the Halls contend was improperly excluded by the district 
court is unclear. Nonetheless, to demonstrate error by the district court it was 
the Halls' "burden to offer evidence at the hearing which supported [their] 
position, and, if excluded, to make an offer of proof." Fleck v. 
Fleck, 2004 OK 39, ¶ 
13, 99 P.3d 238, 241. The Halls 
did neither. In the absence of such evidence, this Court presumes the district 
court did not err. See Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496.
CONCLUSION
¶27 A surface owner's contractual obligation to an attorney is not the sole 
determinant in awarding attorney fees pursuant to 52 O.S.2011 § 318.5(F). Attorney 
fees awarded pursuant to that statute must be reasonable. The district court's 
January 3, 2011, attorney fee order is affirmed as modified to correct a 
mathematical error. Pursuant to that order, the Halls are entitled to $43,375.00 
in attorney fees and $5,843.40 in costs for a total of $51,218.40.
¶28 The Halls are not entitled to attorney fees for litigating the treble 
damages aspect of their surface damages claim. Title 52 O.S.2011 § 318.5(F) does not 
authorize an award of attorney fees with respect to the separate proceeding the 
district court is statutorily required to conduct with respect to treble damages 
issues. Consequently, the district court's March 6, 2011 order is affirmed.
¶29 Likewise, the court's January 31, 2011, location damage bond order is 
affirmed. After our de novo review, we agree with the district court. The Halls 
failed to prove that Calyx willfully and knowingly failed to post the location 
damage bond.
¶30 Finally, failure to negotiate in good faith is not a basis on which 
treble damages can be awarded pursuant to 52 O.S.2011 § 318.9. The Halls 
concede that they were notified before Calyx entered their property. As a 
result, Calyx satisfied its obligation imposed by the first sentence of section 
318.9. Consequently, the district court's December 28, 2011, order is 
affirmed.

¶31 AFFIRMED AS MODIFIED. 

RAPP, J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] For 
convenience, this Opinion will cite to the 2011 version of the Surface Damages 
Act rather than the version of the Act in effect when the facts in this case 
occurred because the provisions of the Act have not been amended since the Act 
was adopted in 1982, or any amendments are not applicable or material to the 
issues in this appeal.

[2] The 
record on appeal in Calyx I was filed on February 6, 2012. Neither party 
sought to supplement that record with the subsequent judgment on the Halls' tort 
claim or otherwise call that fact to this Court's attention after the Opinion in 
Calyx I was issued.

[3] Even if 
we were to apply general prevailing party law, the Halls' argument would fail. 
When possible, the district court must distinguish between compensable and 
non-compensable attorney time and effort. See Green Bay Packaging, 
Inc. v. Preferred Packaging, Inc., 1996 OK 121, ¶ 38, 932 P.2d 1091, 1098. Here, that 
distinction can be clearly made both temporally and substantively. The damage to 
the Halls' property caused by Calyx's drilling operations was tried to the jury 
in a separate proceeding and concerned issues separate from the treble damages 
issues. At issue in the treble damages hearing was whether Calyx provided the 
required bond and notice prior to entering the Halls' land. These acts preceded 
the damage caused by Calyx's subsequent drilling operations to the surface of 
the Halls' property and for which the Halls recovered the June 16, 2010, 
judgment. The issues in the two proceedings are not so intertwined that they 
could not be segregated. See Silver Creek Invests., Inc. v. Whitten 
Constr. Mgmt., Inc., 2013 
OK CIV APP 49, ¶ 14, 307 P.3d 
360, 366. Litigation of the treble damage issues on which the Halls did not 
prevail would be properly segregated from the surface damage issues on which the 
Halls did prevail.

[4] In 
Calyx I, this Court held that the January 31, 2011, order only resolved 
the location bond issue but not the notice and negotiation issue. In its 
petition in error and cross-petition in error, Calyx contends that this Court 
"did not realize that the trial court's order of January 31, 2011, denied the 
treble damages claim on all legal theories" and "mistakenly understood that 
trial court had not completely resolved the treble damage issue" in its January 
31, 2011, order when Calyx I was decided. Calyx did not supplement the 
appellate record in Calyx I to show that the notice and negotiation issue 
had been resolved, nor did Calyx file a petition for rehearing of the Calyx 
I decision to argue that the notice and negotiation issue had already been 
decided. This Court's determination in Calyx I that the notice and 
negotiation issue had not yet been resolved is the "law of this case." The 
settled-law-of-the-case doctrine bars relitigation of issues that have been 
settled by a previous appellate opinion in the same case. Panama Processes, 
S.A. v. Cities Serv. Co., 1990 OK 
66, n.27, 796 P.2d 276, 283 
n.27. Generally, all issues resolved by an appellate decision either expressly 
or impliedly become the law of the case and are not subject to review in a 
subsequent appeal. Fent v. Oklahoma Natural Gas Co., 1995 OK 108 , ¶ 13, 
898 P.2d 126, 133. Shoemaker 
v. Estate of Freeman, 1998 OK 
17, ¶ 15, 967 P.2d 871, 875. 
The holding in Calyx I is binding on Calyx.

[5] Failure 
to give statutory notice as the sole basis for an award of treble damages was 
not addressed in Harmon and is not raised as an issue in this 
appeal.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1991 OK CIV APP 55, 812 P.2d 1378, 62 OBJ 2466, Samson Resources Co. v. Cloud
Discussed
 2006 OK CIV APP 71, 136 P.3d 718, STATE ex rel. DEPT. OF TRANSPORTATION v. ALLIED TOWER CO., INC.
Discussed
 2007 OK CIV APP 107, 172 P.3d 225, STATE ex rel. DEPT. OF TRANSPORTATION v. DOWNEY
Discussed
 2013 OK CIV APP 4, 295 P.3d 30, CALYX ENERGY, LLC v. HALL
Discussed at Length
 2013 OK CIV APP 49, 307 P.3d 360, SILVER CREEK INVESTMENTS, INC. v. WHITTEN CONSTRUCTION MANAGEMENT, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 51, 771 P.2d 1006, 60 OBJ 900, Dyco Petroleum Corp. v. Smith
Discussed
 1989 OK 78, 773 P.2d 1265, 60 OBJ 1383, Andress v. Bowlby
Discussed at Length
 1989 OK 104, 776 P.2d 1277, 60 OBJ 1726, Tower Oil & Gas Co., Inc. v. Keeler
Discussed
 1989 OK 127, 782 P.2d 1355, 60 OBJ 2371, Tower Oil & Gas Co., Inc. v. Harmon
Discussed at Length
 1990 OK 66, 796 P.2d 276, 61 OBJ 1934, Panama Processes, S.A. v. Cities Service Co.
Discussed
 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Discussed
 1993 OK 23, 848 P.2d 1166, 64 OBJ 820, Maxwell v. Samson Resources Co.
Discussed
 1993 OK 166, 867 P.2d 451, 65 OBJ 23, Houck v. Hold Oil Corp.
Discussed at Length
 1994 OK 9, 870 P.2d 762, 65 OBJ 283, Oklahoma Turnpike Authority v. New Life Pentecostal Church of Jenks
Discussed
 1994 OK 108, 898 P.2d 126, 65 OBJ 3215, Fent v. Oklahoma Natural Gas Co.
Cited
 1956 OK 221, 301 P.2d 212, STEMMONS, INC. v. UNIVERSAL C.I.T. CREDIT CORP.
Discussed
 2003 OK 11, 64 P.3d 1113, WARD PETROLEUM CORP. v. STEWART
Discussed
 2003 OK 35, 67 P.3d 339, FINNELL v. JEBCO SEISMIC
Discussed
 2003 OK 72, 77 P.3d 1042, TIBBETTS v. SIGHT 'n SOUND APPLIANCE CENTERS, INC.
Discussed
 2004 OK 39, 99 P.3d 238, FLECK v. FLECK
Discussed
 2005 OK 27, 130 P.3d 213, YOCUM v. GREENBRIAR NURSING HOME
Discussed
 2006 OK 32, 136 P.3d 656, YDF, INC. v. SCHLUMAR, INC.
Cited
 2007 OK 5, 152 P.3d 880, BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed
 1996 OK 121, 932 P.2d 1091, 67 OBJ 3291, Green Bay Packaging, Inc. v. Preferred Packaging, Inc.
Discussed
 2010 OK 39, 236 P.3d 116, IN THE MATTER OF THE ADOPTION OF BABY BOY A
Discussed
 1980 OK 93, 613 P.2d 473, Commercial Communications, Inc. v. State ex rel. Oklahoma Bd. of Public Affairs
Discussed
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1998 OK 17, 967 P.2d 871, 69 OBJ 850, SHOEMAKER v. ESTATE OF FREEMAN
Discussed
 1998 OK 130, 977 P.2d 357, 70 OBJ 59, Morgan v. Galilean Health Enterprises, Inc.
Discussed
 1985 OK 8, 699 P.2d 1083, Root v. Kamo Elec. Co-op., Inc.
Discussed
Title 17. Corporation Commission
 Cite
Name
Level

 17 O.S. 518, Agreement in Writing to Comply with Rules and Regulations - Requirements to Establish Evidence of Financial Ability - Neglect, Failure or Refusal to Plug and Abandon or Replug Well - Forfeiture or Payment - Transfer of Title
Cited
Title 27. Eminent Domain
 Cite
Name
Level

 27 O.S. 11, Reimbursement of Expenses when Property not Acquired
Cited
Title 52. Oil and Gas
 Cite
Name
Level

 52 O.S. 318.2, Definitions
Cited
 52 O.S. 318.3, Notice of Intent to Drill - Negotiating Surface Damages
Cited
 52 O.S. 318.4, Bond or Letter of Credit
Cited
 52 O.S. 318.5, Negotiating Surface Damages - Appraisers - Report and Exceptions Thereto - Jury Trial
Discussed at Length
 52 O.S. 318.9, Violation of Act - Damages
Discussed at Length
Title 66. Railroads
 Cite
Name
Level

 66 O.S. 54, Taking by Eminent Domain - Owner Entitled to Compensation, When
Discussed
 66 O.S. 55, Review of Commissioner's Report - Jury Trial - Notice - Costs
Discussed at Length